Dennis Ervin AULDRIDGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 51472.

Court of Criminal Appeals of Texas.

March 3, 1976.

---

Frank W. Sullivan, III, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and Marvin Collins, Asst. Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of aggravated robbery. The appellant waived a jury trial and entered a plea of guilty before the court. The court

---

assessed punishment of imprisonment for 7 years.

The only ground of error presented by counsel is that: "The trial judge erred in not impaneling a jury to determine appellant's competency to stand trial in accordance with Tex.Code Crim.Proc.Ann. Art. 46.02(2)(g)(1)." [1] There is no contention on appeal that the appellant was insane at the time he committed the offense.

"It is well settled that the conviction of an accused person, while he is legally incompetent to stand trial, violates due process. *Bishop v. United States*, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956); *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Perryman v. State*, 494 S.W.2d 542 (Tex.Cr. App.1973). Due process requires a separate hearing to determine competency to stand trial. *Pate v. Robinson*, supra. While *Pate* would not require a jury trial on such issue, Texas law does. *Townsend v. State*, 427 S.W.2d 55 (Tex.Cr.App. 1968); *Cavender v. State*, 515 S.W.2d 277 (Tex.Cr.App.1974).

"In *Noble v. State*, 505 S.W.2d 543 (Tex.Cr.App.1974), this court said:

" 'Recently, in *Ainsworth v. State*, Tex.Cr.App., 493 S.W.2d 517 (1973), we discussed what is necessary to bring into play the due process requirement of a separate hearing:

" ' ' "An accused is not required to prove actual insanity or incompetency before the trial judge is required to conduct a separate hearing on the matter. If this were the rule, the separate hearing procedure would become meaningless. However, it is necessary that evidence come before the court, from some source, of sufficient force to create in the court's mind reasonable

ground for the judge to doubt the competency of the accused to stand trial. Once this occurs, the court should conduct a hearing out of the presence of the jury to determine whether or not there is in fact an issue as to the competence of the accused to stand trial."

" 'Once the separate inquiry is made out of the jury's presence, the due process requirement is met. If the trial court determines that no such issue exists, his decision will not be disturbed in the absence of abuse of discretion. However, if the issue is found to exist, then Texas law requires the court to halt the proceedings and empanel a separate jury to determine the issue uncluttered by the evidence relevant only to the question of guilt or innocence. *Ainsworth v. State*, supra; *Vardas v. State*, Tex.Cr.App., 488 S.W.2d 467; *Hefley v. State*, Tex.Civ.App., 480 S.W.2d 810; *Townsend (sic) v. State*, supra; Article 46.02, V.A.C.C.P. . . . ' "
*Bonner v. State*, 520 S.W.2d 901 (Tex.Cr. App.1975).

The victim of the robbery, which occurred in a liquor store, testified that he had known the forty-year old appellant for longer than ten years prior to the robbery. Another eye witness who had known the appellant for a number of years also testified about the robbery. The appellant used a shotgun to obtain $200 in the robbery.

After being fully admonished the appellant entered his plea of guilty on June 9, 1975. He had filed a motion requesting that he be granted probation. He testified in support of that motion, and also testified at length concerning his prior work record and medical history. He testified that he had received treatment for mental illness on several occasions; he had been in military service; he had attended a trade

---

1. Article 46.02, Sec. 2(g)(1), the statute applicable at the time of trial, provided:

"(g) If trial is without a jury. (1) If the trial is before the court without a jury and if, after commencement of a trial on the merits and before the return of a verdict, there arises in the mind of the court from any cause, a reasonable doubt as to the present sanity of the defendant, the court shall suspend the proceedings and shall without unnecessary delay impanel a jury to determine the issue of the present sanity of the defendant."

school; he had worked at a number of different jobs for a large aircraft manufacturer for over ten years. One of his jobs was as a technical writer for this firm.

The appellant said that he did not remember committing the offense but he was sure it happened if the witnesses whom he had known for many years said that he had committed the robbery, but in answer to a question put to him by the court the appellant testified that he was not making the contention that he was "insane" at the time of trial. A well drawn handwritten motion demanding a speedy trial was admitted in evidence; the appellant acknowledged that he had authored the motion while he was in jail.

On March 13, 1975, the appellant's court-appointed attorney, prior to trial, filed a motion stating that the appellant appeared to be insane and incapable of effectively assisting his attorney in the defense of the pending charge and requested that a psychiatrist be appointed to examine the appellant. On the same day the motion was filed the trial court ordered that appellant be examined by a psychiatrist and a psychologist. The appellant was examined by a psychiatrist and by a consulting psychologist. There is in the record the psychologist's report concerning the battery of tests which he administered to the appellant and his evaluation of those tests. There is also the written report of the psychiatrist who examined the appellant. This report, which is dated May 5, 1975, after reciting the appellant's medical history obtained from the appellant and other sources, stated that the appellant was suffering from a chronic brain syndrome secondary to cardiac arrest and that this condition is superimposed on a chronically border line psychotic individual. The psychiatrist concluded: "I believe this individual knows the nature and quality of his acts and is able to distinguish right from wrong except . . . where he is under the influence of alcohol . . ." The psychiatrist was a witness at the trial and affirmed his conclusions made in the earlier report. He testified at length, but unfortu-

nately he was not interrogated specifically as to whether in his opinion the appellant was competent to stand trial. However, his testimony in no way indicated that the appellant was not competent to stand trial.

The appellant's wife and sister testified concerning the appellant's past conduct and his inability to control himself when drinking alcoholic beverages. They also testified that he had many "black outs" and lapses of memory.

At the time of trial, defense counsel stated to the court that he was of the opinion the appellant was sane both at the time of the commission of the offense and at the time of trial.

This case was tried before the court and not before a jury. The record reflects that the trial court made a lengthy inquiry to determine if the appellant was competent to stand trial. After hearing all of the evidence, the judge specifically found that no issue of appellant's competency to stand trial was raised. He stated he had no doubt that the appellant was sane at the present time. We find that the trial judge did not abuse his discretion in so finding and in not impaneling a jury to determine the appellant's competency. The appellant was not denied due process or any right accorded him by the statute upon which he relies.

We have considered the appellant's pro se brief and find his contentions to be without merit.

The judgment is affirmed.

Opinion approved by the Court.