**Bruce Patrick WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00141–CR.**

Court of Appeals of Texas,
El Paso.

June 9, 1982.

Pickett & Teter, P. C., Ross Teter, Carrollton, for appellant.

Henry Wade, Criminal Dist. Atty., Steve Wilensky, Robert E. Whaley, Asst. Dist. Attys., Dallas, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

Appellant was indicted for attempted burglary alleged to have occurred in Dallas County, Texas, on January 3, 1978. The

State invoked the habitual offender provision of the Penal Code, Sec. 12.42, alleging prior convictions for burglary of a habitation and burglary of a vehicle.

Trial was held on May 14, 1979. The jury returned a verdict of guilty. The penalty phase was tried to the court and resulted in a life sentence. We reverse and remand for a new hearing on the penalty only.

■ In Ground of Error No. One, Appellant contends that the evidence was insufficient to sustain the conviction. We disagree. Arresting Officer Gary Wren observed a vehicle parked in front of a washateria at 3:00 a.m., January 3, 1978. He drove closer to the scene and saw one individual, who had been reading, motion to someone in the rear of the building. He then saw the Appellant standing in the rear of the washateria. A third individual emerged from a closet. When back-up units arrived, Appellant and the first individual started to leave. The third subject started to leave as officers entered the building. Officer Wren observed that no washers had been used. The Appellant and the third individual had sheetrock dust on their clothes. The officers found that a hole had been cut in the sheetrock in the washateria closet. The hole led to an adjacent television store. A hammer and screwdriver were found in the closet. Mr. Hanna, owner of the television store, testified as to non-consent, the nature of the building, and the fact that the business was closed. The court charged on circumstantial evidence.

We hold that there was sufficient evidence upon which the jury could base its verdict. Ground of Error No. One is overruled.

Grounds of Error Nos. Two and Three complain of the trial court's refusal to grant Appellant's motion to dismiss for failure to provide a speedy trial. The undisputed facts disclose that Appellant was arrested on January 3, 1978. He was indicted for attempted burglary during that month. The parties agree that the State filed a written announcement of ready within 120 days of the arrest. The Speedy Trial Act,

Article 32A.02 of the Code of Criminal Procedure, became effective on July 1, 1978. On November 15, 1978, Appellant was reindicted. There was no change in the primary offense charged, but two prior convictions were added for habitualization purposes.

A habeas corpus hearing was held but the transcript is not before us. The court denied Appellant's motion to dismiss.

The court docket reflects that the first trial setting was for January 8, 1979. The cause was passed by agreement of the parties to March 5, 1979. It was again reset by agreement of the parties to March 12, 1979. Two more settings were passed, including one on May 7, 1979, which bears an annotation that the court was in trial on two other cases. Trial finally commenced on May 14, 1979.

■ The primary goal of the Speedy Trial Act is to afford an individual his right to a prompt adjudication of any criminal charge against him. *Barfield v. State*, 586 S.W.2d 538, 539 (Tex.Cr.App.1979). The Act provides for a 120-day period between commencement of the felony action and announcement of ready by the State. Since this cause was pending on the effective date of the Act, the action commenced on July 1, 1978. *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App.1978). The reindictment took place on November 15, 1978, 138 days after the Speedy Trial Act took effect. This is a case of first impression.

■ The criminal charge against Appellant was attempted burglary. It is uncontested that the State announced ready on this charge under the first indictment in a manner comporting with the Speedy Trial Act. There was no change in this allegation under the second indictment. It is also settled that the Speedy Trial Act is directed at prosecutorial delay only. *Barfield, supra.* Delays due to the state of the court's docket are not attributable to the State and will not justify dismissal.

There is no indication of delaying actions by the State, from first indictment to ulti-

mate trial, other than joint agreements to pass the cause on January 8 and March 5, 1979. Particularly significant is the absence of any showing that the reindictment process produced any delay in reaching trial. Had the original indictment been carried to trial on May 14, 1979, there is no question that the denial of the motion to dismiss would have been proper.

Bearing in mind the primary purpose of the Speedy Trial Act, as announced in *Barfield*, the relationship between the primary charge and the enhancement allegations is critical in assessing the consequences of reindictment. The habitual offender statute does not create an offense. It merely provides a more severe punishment for repeated criminal behavior. *Porier v. State*, 591 S.W.2d 482 (Tex.Crim.App. 1979). The enhancement allegations are not substantive elements of the primary offense charged. They are a guide for the court or the jury in assessing punishment. *Passmore v. State*, 544 S.W.2d 399 (Tex.Cr. App.1976). Therefore, Appellant's right to a speedy trial related to the primary offense of attempted burglary. This charge was not changed in the reindictment, and the State's original announcement of ready as to this allegation carries forward through the second indictment to the time of trial. The record reveals a situation in which the usual non-prosecutorial delays afforded the State an opportunity to enhance the punishment aspect of its case. We do not interpret the Speedy Trial Act to prohibit this opportunism. Accordingly, we find no error in the denial of Appellant's motion to dismiss.

This ruling still protects Appellant's right to a speedy trial. Where a change in the allegation of the primary offense takes place on reindictment, the original announcement of ready would not carry forward. Where the reindictment for enhancement is shown to cause a delay in the primary offense coming to trial, the established rules of Article 32A.02 may be relied upon. The State would have to justify the prosecutorial delay on the basis of one of the statutory exceptions. This case does not present either situation. Grounds of Error Nos. Two and Three are overruled.

In Ground of Error No. Four, Appellant alleges that the trial court abused its discretion in failing to set aside the indictment on grounds that the enhancement constituted prosecutorial vindictiveness. After the first indictment, Appellant was successful in obtaining reversal of three prior Dallas convictions. He contends that this was the reason for his reindictment and constituted a violation of his right to appeal. He relies on *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and *Ronk v. State*, 578 S.W.2d 120 (Tex.Cr. App.1979).

*Pearce, Ronk* and their progeny flow not only from the due process clause of the Constitution, but also from the double jeopardy prohibition. *See also: Blackledge v. Perry*, 417 U.S. 21, 28–29, 94 S.Ct. 2098, 2102–2103, 40 L.Ed.2d 628, 634–635 (1974). In each and every case, the appellant had obtained a reversal of his conviction. Subsequently, the prosecutor, prior to retrial, reindicted in a fashion exposing the appellant to a harsher penalty. The reindictments all flowed out of the same transaction which was the basis for the first conviction. The appellate courts found these to be acts of prosecutorial vindictiveness which unconstitutionally intimidated criminal defendants from pursuing their appellate remedies.

The present case is immediately distinguishable in that the reversals obtained for Appellant were in cases unrelated to his attempted burglary trial. In *Pearce, Blackledge* and *Ronk*, the State's first indictment was a reflection of the prosecuting authority's appraisal of the severity of the crime and the dangerousness of the defendant. Absent a showing of intermediate misconduct, the harsher reindictments could be attributed only to prosecutorial vindictiveness. That is not the case here. Prosecutorial vindictiveness is one possible interpretation. On the other hand, the first indictment for attempted burglary did not necessarily represent the total appraisal by the State of the punishment needs for this par-

ticular repeat offender. During the summer of 1978, the State lost thirty-five years of consecutive sentencing in Appellant's three collateral cases. It obviously sought to make up this loss by reindictment as a habitual offender. This is not necessarily an act of vindictiveness, but may well have been a legitimate exercise of punishment options aimed at satisfying community needs regarding the criminal activity of the Appellant.

The vindictiveness interpretation is further weakened by the fact that all three convictions which were reversed were similarly enhanced by two prior convictions. The enhancement allegations were dismissed as part of plea bargain arrangements in those cases.

The cases relied upon by Appellant are not controlling due to the factual distinction. The suggestion of prosecutorial vindictiveness is not sufficiently supported by the facts to justify setting aside the indictment. Ground of Error No. Four is overruled.

■ In Ground of Error No. Five, Appellant alleges error in failure to grant his motion to quash based upon the Grand Jury returning an indictment without evidence having been presented. Cross-examination of Officer Wren revealed that he did testify before the Grand Jury. A transcript of his testimony was presented to the defense during trial and utilized during cross-examination. Ground of Error No. Five is overruled, as is Ground of Error No. Six which complains of the trial court's failure to grant a hearing on the above motion to quash.

Ground of Error No. Seven contends that Appellant was improperly denied his right to have the jury assess punishment. An election of jury sentencing was filed but the date-time stamp reflects 2:15 p. m., May 16, 1979. The court's docket sheet indicates that the jury was sworn in sometime after 9:30 a. m., May 15, 1979, and that the State rested at 3:00 p. m., May 15, 1979.

Appellant asserts that his election was timely under Article 37.07, Tex.Code Crim.

Pro.Ann., but that the District Clerk failed to stamp the document in a timely manner. He claims that the written election was made prior to entering his plea, and that all parties knew of his election. His only support on the record is an inference arising from the *voir dire* examination, in which both the State and defense questioned the panel concerning the penalty phase.

■ The order of trial dictates that *voir dire* be conducted prior to the deadline for election as to sentencing. The fact that both parties questioned as to the penalty phase is ambiguous as to actual election intent. Appellant states that he would have no reason for such a voir dire in the absence of jury sentencing. That is not necessarily the case. The possibilities of such a severe sentence might have a subconscious effect on one or more jurors during guilt-innocence deliberation which would favor the defense. It is tactically conceivable such an effect might be sought despite original intent to ultimately go to the court for punishment.

■ The record does not support Appellant's claim. Nor is there any bystander's bill presented concerning the District Clerk's actions. Appellant objected at the time the jury was dismissed. The trial court overruled his objection. The state of the record precludes this Court from finding error in such ruling. Ground of Error No. Seven is overruled.

■ Ground of Error No. Eight alleges error in permitting the State to impeach the Appellant's testimony with a previously suppressed statement. The record does not reflect any suppression of Appellant's pre-trial statement. The trial court did grant Appellant's motion for a suppression hearing. During trial, the prosecutor attempted to impeach Appellant as to his reasons for going to the washateria, using inconsistent portions of his pre-trial statement. The scope of the impeachment was approved by the court outside the presence of the jury. Appellant failed to preserve any error by not objecting during the impeachment proc-

ess. Ground of Error No. Eight is over-ruled.

■ In Ground of Error No. Nine, he attacks the judgment and sentence used as a basis for the first count of habitualization. The indictment alleged that Appellant was previously convicted of "Burglary of a Habitation" in Cause Number C–74–11243–HJ, Criminal District Court No. 3, Dallas County, Texas, on December 19, 1974. State's Exhibit Fourteen is a penitentiary packet containing the judgment and sentence in the above mentioned cause. The judgment does reflect conviction under that charge, but the sentence reflects four years confinement in the Texas Department of Corrections.

Appellant contends that this is a void sentence because it is below the minimum five year sentence prescribed in the Penal Code, Section 30.02(d)(1).

Appellant misses the mark on an otherwise valid target. The State correctly points to an unambiguous nunc pro tunc order, State's Exhibit 14A, dated May 16, 1979. This order corrects the original judgment and sentence to reflect a finding of guilt of Burglary of a Building. The four year sentence is, therefore, valid under a second degree felony conviction.

■ This correction consequently produces a fatal variance between the State's pleading and its proof. In *Aaron v. State*, 546 S.W.2d 277 (Tex.Cr.App.1976), the State sought habitualization through an indictment alleging a prior conviction for attempted burglary. The sentence introduced at trial showed that the appellant had been found guilty of burglary of a building. The court held that this was a fatal variance, necessitating reversal. *Id.* at 279. Ground of Error No. Nine is sustained.

■ In Grounds of Error Nos. Ten and Eleven, Appellant complains that the trial court erred in denying his challenge for cause directed toward prospective juror Welch, and denying his motion for an additional peremptory challenge. Mrs. Welch expressed doubts as to her ability to be fair and impartial in assessing police testimony. Her father and her best friend's husband were police officers. The panel member was then taken on individual *voir dire* before the bench. The prosecutor adequately rehabilitated Mrs. Welch. She stated that there was a doubt when she first responded, but she affirmed that she could put aside her relationships to the police and decide the case on the evidence and the law charged by the court. There was no error in the court's ruling. Grounds of Error Nos. Ten and Eleven are overruled.

■ In Ground of Error No. Twelve, Appellant asserts error on the part of the trial court in refusing to grant his motion for new trial based on newly discovered evidence. Approximately two months after Appellant's conviction, his co-defendant, Rawlins, was tried and acquitted of the same charge. At the hearing on the motion for new trial, Rawlins testified that Appellant's counsel requested that he testify at Appellant's trial. Rawlins testified that he would invoke his fifth amendment privilege. After his acquittal, he agreed to testify. We agree with Appellant that this constituted newly discovered evidence under *Whitmore v. State*, 570 S.W.2d 889, 896 (Tex.Cr.App.1976). *Whitmore* continues to recognize that such evidence must be more than cumulative or corroborative of the evidence adduced at trial. *Id.* at 896, 897. In both *Whitmore* and the present case, the Appellants testified in their own behalf. In *Whitmore*, however, the co-defendant's potential testimony addressed relevant facts to which the appellant was not privy. In the instant case, Rawlins's testimony at the hearing on Appellant's motion reflects the same evidence which Appellant himself put before the jury. As a result, it is cumulative and corroborative only. There was no error in denying the motion for new trial. *Id.*; *Hernandez v. State*, 507 S.W.2d 209, 212 (Tex.Cr.App.1974); *Jarvis v. State*, 429 S.W.2d 885 (Tex.Cr.App.1968). Ground of Error No. Twelve is overruled.

■ Ground of Error No. Thirteen alleges that the trial court abused its discretion in denying Appellant's motion for mistrial and change of venue. The motion was based on a confrontation between Appellant's counsel and an Assistant District Attorney in another courtroom during a collateral proceeding. It is uncontested that the prosecutor addressed Appellant's counsel with profanity in open court in the presence of the Appellant and several defense witnesses. Appellant claims that this action intimidated his witnesses in this case, deprived him of testimony and resulted in an unfair trial. The Assistant District Attorney responsible was not involved in the prosecution of this case.

The actions of the prosecutor were unjustified and totally reprehensible, but the critical issue is whether that deprived Appellant of a fair trial. The jury in this case was not exposed to the incident, nor was the same District Judge involved.

Three defense witnesses testified at the hearing on the motion for mistrial that they were intimidated by the event to an extent which precluded their testimony on Appellant's behalf. Karen Wilson, Appellant's wife, indicated that she was afraid to testify at the trial. At first, she refused to state what her testimony would have been. Upon in-camera examination, it was revealed that her testimony was merely cumulative of a circumstantial element more completely covered by the Appellant's own testimony.

Mary Powers, Appellant's mother, also testified as to her fear and the effect on her trial testimony. Mary Powers did testify at the trial. Appellant's counsel terminated his direct examination after the trial court ruled that her testimony was not relevant to the guilt-innocence phase of the trial. At the hearing on the motion for mistrial, there was no testimony as to what other evidence she would have presented. Her earlier testimony concerned conversations she had with her son, as much as two years prior to the alleged offense, dealing with his attitude about habitual offender punishment. It was not relevant to that portion of the trial and properly excluded by the trial judge.

John Powers, father of the Appellant, testified that he, too, was intimidated to the point of not testifying at the trial. He indicated that his testimony would have consisted of assertions that his son was a hard worker, had a good reputation, and had been rehabilitated by his previous exposure to the criminal justice system. This evidence would also have been inappropriate in the guilt-innocence phase. Even if the evidence became relevant, its absence could hardly be said to have deprived Appellant of a fair trial in light of the overwhelming exposure to the jury of Appellant's past criminal behavior. Following a guilty verdict, the evidence of Mr. and Mrs. Powers would have been fruitless in the face of the enhancement allegations and automatic life sentence.

Appellant has failed to show that he was deprived of favorable testimony to the extent that he was denied a fair trial. This ruling in no way condones the actions of the Assistant District Attorney. The state of the record, however, does not justify reversal of the trial court ruling. The absence of error in denying the motion for mistrial makes it unnecessary to discuss the motion for change of venue. Ground of Error No. Thirteen is overruled.

■ Appellant's final ground of error asserts that the habitual offender provision of the Code of Criminal Procedure is unconstitutional in that it violates the cruel and unusual punishment clause of the United States Constitution. The contention is without merit. *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *Rodriguez v. State*, 614 S.W.2d 448 (Tex. Cr.App.1981); *Thomas v. State*, 543 S.W.2d 645 (Tex.Cr.App.1976).

The fatal variance as to the first enhancement count necessitates a finding of "not true" to that allegation. Since the

penalty phase was tried to the court, this error need only result in a remand for a new penalty phase. The State is precluded from further efforts to utilize the prior conviction charged in the first enhancement count to increase the range of punishment in this cause. *Cooper v. State*, 631 S.W.2d 508 (Tex.Cr.App.1982). Upon retrial of the penalty phase, Appellant is faced with a third-degree felony attempted burglary, enhanced by one prior felony conviction, thereby subjecting him to the punishment range prescribed for a second-degree felony.

The cause is reversed and remanded for a new penalty phase only.