William Tom NOWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–85–032–CR.

Court of Appeals of Texas,
Texarkana.

Nov. 12, 1986.

Kent Poynor, Dallas, for appellant.

John D. Nation, Asst. Dist. Atty., Dallas County Courthouse, Dallas, for appellee.

CORNELIUS, Chief Justice.

William Tom Nowell was convicted of theft of property having an aggregate value of at least $10,000.00. Punishment, enhanced by prior convictions, was life imprisonment and a $10,000.00 fine.

In six points of error, Nowell contends that the indictment and the charge were defective, there was insufficient evidence to support the conviction, he was denied his right to a speedy trial, the trial court should have granted his motion to quash the indictment, and the court's charge was an improper comment on the weight of the evidence.

Nowell contends that the indictment is fundamentally defective because it fails to allege that the property was unlawfully appropriated, or that he unlawfully exercised control of the property without the effective consent of the owner with intent to deprive the owner of the property. Tex. Penal Code Ann. § 31.03 (Vernon Supp. 1986). The second page of the indictment was omitted from the transcript initially filed in this appeal. The transcript was later supplemented to include the missing page of the indictment. The complete indictment contains the language alleged to be missing. Thus, no error is demonstrated.

Nowell also contends that the jury charge was fundamentally defective because, although it abstractly charged on the law of parties, it failed to apply the law to the facts. He argues that if he is guilty at all, it is only as a party and not as the primary actor.

■■■■■ The indictment charged Nowell with committing the theft himself. In such a case, a charge on the law of parties is not required, although if the evidence supports such a charge the court may give it, even though there is no corresponding allegation in the indictment. *Williams v. State*, 676 S.W.2d 399 (Tex.Crim.App.1984), and cases there cited. As the charge was not required in this case, there was no error in failing to apply the law of parties to the facts. Moreover, we find Nowell's objection in this respect was not sufficient to point out to the court the specific alleged defect. *See Brown v. State*, 716 S.W.2d 939 (Tex.Crim.App.1986).

Nowell also contends that the evidence is insufficient to support the allegations of the indictment, and that there was insuffi-

cient corroboration of Jean Campbell's accomplice testimony.

When a question of insufficient evidence is presented in a criminal case, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the jury verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Gardner v. State,* 699 S.W.2d 831 (Tex.Crim.App.1985); *Brandley v. State,* 691 S.W.2d 699 (Tex. Crim.App.1985); *Carlsen v. State,* 654 S.W.2d 444 (Tex.Crim.App.1983).

■ The elements of the offense of theft are: (a) a person who (b) unlawfully appropriates property (c) with intent to deprive the owner of such property. Tex. Penal Code Ann. § 31.03(a) (Vernon Supp.1986). Appropriation of property is unlawful if: (a) it is without the owner's effective consent, (b) the property is stolen and the actor appropriates the property knowing it was stolen by another. Tex. Penal Code Ann. § 31.03(b) (Vernon Supp.1986).

■ In the light most favorable to the verdict, the testimony of accomplice Jean Campbell did establish that Nowell induced her to assist him in the scheme of presenting false invoices from Nowell to Campbell's employer for payment. Taken as a whole, her testimony clearly indicates that it was Nowell's intent to unlawfully appropriate property from Kentron International with the intent to deprive Kentron of such property without its effective consent. An actor's knowledge or intent may be established by the uncorroborated testimony of the accomplice that tends to connect the actor to the crime. Tex. Penal Code Ann. § 31.03(b), (c) (Vernon Supp.1986).

Nowell also argues that no crime was committed because the initial appropriation by Mrs. Campbell was not unlawful, but was rather by the express permission of the effective owner of the property, W.J. Flynn, who was vice-president of Kentron. The essence of Flynn's testimony was that he never gave Campbell permission to write checks for Nowell, or for any of Nowell's companies, and he never gave Nowell permission to receive and cash or deposit such checks. He testified no person in the corporation had permission to write checks which were not authorized or for purposes which were unauthorized. He characterized the checks in the indictment as being for purposes which were not authorized. Billy Jean Taylor, Campbell's immediate supervisor, testified that the checks which were issued as a result of the false invoices submitted by Nowell through Mrs. Campbell were not authorized checks. In addition to the witnesses named, there were several other witnesses whose testimony supported the commission of the offense by Nowell.

■ Nowell correctly states that a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. Tex. Code Crim.Proc.Ann. art. 38.14 (Vernon 1979).

To determine the sufficiency of corroboration, we eliminate from consideration the testimony of the accomplice and then examine the testimony of the other witnesses to determine if there is inculpatory evidence which tends to connect the accused with the commission of the offense. *Cruz v. State,* 690 S.W.2d 246 (Tex.Crim.App.1985). The corroborative evidence need not directly link the accused to the offense, nor must it standing alone establish guilt. It need only make the accomplice's testimony more likely than not. *Meyers v. State,* 626 S.W.2d 778 (Tex.Crim.App.1982). And, the accomplice witness need not be corroborated in all of his testimony. *Walker v. State,* 615 S.W.2d 728 (Tex.Crim.App.1981). If we eliminate the testimony of Campbell, there remains the testimony of her supervisor, Mrs. Taylor, that checks for false invoices from Nowell and his companies had been submitted by Campbell for payment to Kentron International. There is testimony from the four representatives of the

Dallas area banks that those same checks were either deposited in accounts of, or cashed by, Nowell. Although the evidence raised the issue of Nowell's guilt as a party, there was also sufficient evidence to convict him as a principal. The evidence showed that he took and cashed the checks knowing that they were unauthorized and based on his bogus invoices. Since knowingly appropriating stolen property is unlawful appropriation under Tex. Penal Code Ann. § 31.03(a), there was sufficient evidence to support the indictment's allegation of guilt as a principal.

The record shows no violation of our Speedy Trial Act. Tex. Code Crim.Proc. Ann. art. 32A.02 (Vernon Supp.1986). Nowell was indicted on August 18, 1981, and was arrested on December 20, 1983. Thereafter, the case was passed by agreement several times and reset by the court on more than one occasion. Nowell argues that the State failed to announce ready, either orally or in writing, after he timely filed motions to dismiss on February 13, 1984, and again on December 7, 1984. He also argues that the State failed to apprehend him in a timely manner after the indictment.

A defendant accused of a felony offense is entitled to be tried within 120 days of the commencement of a criminal action. In this case, the action commenced with the indictment on August 18, 1981. Tex. Code Crim.Proc.Ann. art. 32A.02, § 2(a) (Vernon Supp.1986).

When Nowell filed his motions to dismiss for failure to comply with the Speedy Trial Act, the State was obligated to announce that it was ready then, and also that it had been ready within 120 days after the August 18, 1981 indictment. *Scott v. State*, 634 S.W.2d 853 (Tex.Crim.App.1982); *Pate v. State*, 592 S.W.2d 620 (Tex.Crim.App. 1980); *Barfield v. State*, 586 S.W.2d 538 (Tex.Crim.App.1979).

■ Nowell filed his first motion to dismiss on February 8, 1984, and amended that motion on February 13, 1984. A docket entry indicates that the motion was denied on March 3, 1984, after a hearing. No record of that hearing is included in the statement of facts, and the record does not otherwise show whether the State announced ready as required when Nowell filed the motion. The State argues that there is a presumption of regularity concerning actions of the trial court on motions presented to it, and that it was Nowell's burden to demonstrate by the record that the court erred in overruling his motion to dismiss. We agree. *Prescott v. State*, 649 S.W.2d 671 (Tex.App.—Corpus Christi 1983, no pet.); *Johnson v. State*, 649 S.W.2d 111 (Tex.App.—San Antonio 1983), *aff'd*, 662 S.W.2d 368 (Tex.Crim.App. 1984). Because the record is silent, we must presume that the trial judge ruled correctly in denying the speedy trial motion of February 13, 1984. *Thompson v. State*, 641 S.W.2d 920 (Tex.Crim.App.1982); *Schneider v. State*, 594 S.W.2d 415 (Tex. Crim.App.1980); *Jones v. State*, 644 S.W.2d 546 (Tex.App.—Dallas 1982), *pet. ref'd per curiam*, 646 S.W.2d 449 (Tex.Crim.App. 1983).

■ On December 7, 1984, after the case had been passed twelve times by agreement, Nowell's counsel filed another motion to dismiss for lack of a speedy trial. On December 10, 1984, a hearing was conducted and the motion was denied. Nowell argues that because the record of the December hearing does not show the State made a speedy trial announcement *at that time*, he is entitled to a dismissal. We disagree. Once a valid speedy trial announcement of ready is made by the State and not rebutted by the defendant, it carries forward and applies to all proceedings in the same case. *See Perez v. State*, 678 S.W.2d 85 (Tex.Crim.App.1984); *Durham v. State*, 701 S.W.2d 951 (Tex.App.— Fort Worth 1986, no pet.); *Hernandez v. State*, 663 S.W.2d 5 (Tex.App.—El Paso 1983, no pet.); *Wilson v. State*, 633 S.W.2d 952 (Tex.App.—El Paso 1982, no pet.); *Richardson v. State*, 629 S.W.2d 164 (Tex. App.—Dallas 1982, pet. ref'd). It is not necessary to make a new announcement of ready every time the defendant moves to dismiss. Since we presume from the

record before us that the trial court correctly overruled Nowell's speedy trial motion on the basis of the State's announcement at the hearing in March of 1984, an additional announcement was not necessary for the subsequent motion to dismiss.

Nowell also urges that the trial court erroneously denied his motion to quash the indictment. Specifically, he argues that by motion to quash the indictment he requested the court to require the State to replead and more fully apprise him of what manner or means he used to appropriate the property and by what manner and means he engaged in a scheme or continuing course of conduct in such appropriation.

 Generally, an indictment which tracks the words of the statute creating the offense, as this one does, is sufficient. Definitions of terms and elements of the offense, as well as the exact means of committing the offense, are evidentiary and need not be alleged. *Marrs v. State,* 647 S.W.2d 286 (Tex.Crim.App.1983). With regard to the second contention in this point, Tex. Penal Code Ann. § 31.09 (Vernon 1974) provides that where different sums involved in a theft are obtained pursuant to one scheme or continuing course of conduct, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense. In this case, the indictment aggregated twenty separate instances of appropriation of money. These separate instances were thus charged as a single offense in which the amounts of money were appropriated pursuant to one scheme and continuing course of conduct. It was not required to further define the terms "scheme" and "pursuant to a continuing course of conduct." *Sendejo v. State,* 676 S.W.2d 454 (Tex.App.—Fort Worth 1984, no pet.).

 Finally, Nowell contends that the court's charge constituted an improper comment on the weight of the evidence. In the portion of the charge applying the law to the facts, there is the statement "And all of the said amounts were appropriated pursuant to one scheme and continuous course of conduct, and the aggregate value of the amounts appropriated was of the value of at least $10,000.00." Because that statement was preceded by a period, Nowell argues that it appears as a statement of the court rather than a fact for the jury to find. We disagree. In the context of the entire charge, the statement is not misleading and reasonably appears to be one of the elements the court charges the jury they must find in order to convict. Moreover, Nowell has not briefed this point or cited any authority to support his contention. In those circumstances, nothing is presented for review.

Although Nowell is not entitled to hybrid representation on this appeal, *Rudd v. State,* 616 S.W.2d 623 (Tex.Crim.App.1981), we have reviewed his pro se brief in which he raises the issues of insufficient evidence, lack of proper corroborating testimony, and several alternative hypotheses which he contends were supported by the evidence. He also raises the issue of ineffective assistance of counsel based on refusal of his counsel to brief the ground of insufficient evidence as Nowell desired him to. We have carefully considered these contentions and find them to be without merit. They are therefore overruled.

For the reasons stated, the judgment of the trial court is affirmed.