**Autry CURETON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–938–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 1, 1990.

S. Elwood York, Jr., Houston, for appellant.

Rowena M. Young, Houston, for appellee.

Before PAUL PRESSLER, SEARS and DRAUGHN, JJ.

OPINION

PAUL PRESSLER, Justice.

Appellant was indicted for the offenses of Aggravated Robbery and Aggravated Kidnapping. Tex.Penal Code Ann. §§ 29.-03, 20.04. The jury found that appellant was guilty of both offenses and that the appellant did not voluntarily release the complainant in a safe place. Punishment, enhanced under Tex.Penal Code Ann. § 12.42, was assessed at life imprisonment. We affirm.

Appellant's conviction arises out of events beginning at an automatic teller machine in 1988. After the complainant had withdrawn $100 from her account, the appellant approached her and demanded the money at gunpoint. Appellant placed her in the trunk of her car and drove to several bank teller machines in an attempt to obtain more money from her account. Appellant eventually drove to a secluded location where he let the complainant out of the trunk of her car and told her to run to a dark, vacant garage. Appellant then drove off in the car with the complaint's purse, keys, credit cards, etc.. Approximately one week later, the appellant was arrested in another stolen vehicle. The owner of this second vehicle found some of the complainant's property in the trunk when the car was returned to him.

■ Appellant's first point of error contains three subpoints and primarily concerns alleged error in permitting testimony concerning a robbery which the appellant did not commit. The owner of the car in which appellant was arrested, Mr. Sanchez, testified about the theft of his car and specifically denied that the appellant was the man who had robbed him. The trial court had initially permitted this testimony under the belief that the appellant had committed that offense also. The fact that appellant was driving a stolen car belonging to Mr. Sanchez at the time of his arrest is not an inadmissible extraneous offense. While it is true that an accused may not be tried for some collateral crime or for being a criminal generally, *Jones v. State*, 587 S.W.2d 115 (Tex.Crim.App.1979), there must be some type of inadmissible evidence presented of the *accused's* prior criminal conduct before the rules relating to admissibility of extraneous offenses apply. *Baxter v. State*, 645 S.W.2d 812, 815 (Tex.Crim. App.1983); *Roach v. State*, 586 S.W.2d 866, 868 (Tex.Crim.App.1979) (emphasis added). Any possible error in admitting this evidence is harmless since the jury was told by the trial court that the appellant did not commit the offense.

■ Appellant alleges in the second subsection of his first point of error that the trial court erred in failing to grant his motion for mistrial based upon the admission of testimony of an extraneous offense which the appellant did not commit. The proper method to preserve error is to (1) object timely; (2) request the trial court to instruct the jury to disregard any statements made; and (3) move for a mistrial based upon the complained of evidence. *Coe v. State*, 683 S.W.2d 431, 436 (Tex. Crim.App.1984) Appellant never asked the court to strike the testimony of Mr. Sanchez or for an instruction to disregard the evidence. Such an instruction is sufficient to cure error "except in cases where the evidence is calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced in their minds." *Coe, supra.* Since this testimony clearly indicated that appellant did not steal his car, any harm could have been corrected through a motion to disregard. Failure of the appellant to make such a motion waived any error.

■ In his third subsection, the appellant claims that the trial court erred in denying his requested jury instruction concerning the alleged extraneous offense. Appellant requested a specific instruction, but the court gave a much longer instruction on the subject. Appellant did not object to the court's charge other than to re-request his version. Appellant presents this sub-point in very general terms and cites no authority in support of his position. A brief which is conclusory only and cites no authority presents nothing for review. *Brooks v. State*, 642 S.W.2d 791, 797 (Tex.

Crim.App.1982); *McDonald v. State*, 761 S.W.2d 56, 60 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Also, the requested instruction was covered in the longer instruction which was given. Appellant's first point of error is overruled.

In his second point of error appellant claims that the trial court erred in refusing to suppress the in-court identification of the appellant after suppressing appellant's identification in a pre-trial line-up. The lineup identification was suppressed since the appellant was in custody for a different offense and had not had the benefit of counsel for the robbery for which he was indicted. During trial, the complainant identified the appellant based upon her recollection from the robbery and kidnapping, and made no reference to any prior lineup. When an in-court identification is based upon knowledge independent of the allegedly improper pre-trial procedure, it is admissible. *See Turner v. State*, 614 S.W.2d 144 (Tex.Crim.App.1981); *Waller v. State*, 648 S.W.2d 308, 312 (Tex.Crim.App. 1983). Further, appellant made no objection to the in-court identification and thus has waived any error. *Little v. State*, 758 S.W.2d 551 (Tex.Crim.App.1988), *cert. denied* 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346. Point of error number two is overruled.

Under his third point of error, appellant asserts that the trial court erred in allowing the State to call two witnesses who were not on the subpoena list prior to trial. Both witnesses were employees of the bank where the complainant had her checking account and automatic teller card. Their testimony set forth the sequence of the attempted withdrawals from automatic teller machines on the night that complainant was robbed. Upon proper motion, witnesses should be disclosed if they are to be used at any stage of the trial. *Young v. State*, 547 S.W.2d 23, 27 (Tex.Crim.App. 1977). If a witness who was not included on a witness list is permitted to testify, the standard of review is whether the trial court abused its discretion in allowing the testimony. *Hightower v. State*, 629 S.W.2d 920, 925 (Tex.Crim.App.1981). The two

factors to be considered in determining whether an abuse of discretion has occurred are whether the prosecutor acted in bad faith in failing to provide the defense with the witness' name, and whether the defendant could have reasonably anticipated that the witness would testify despite the State's failure to disclose the name. *Bridge v. State*, 726 S.W.2d 558, 566–67 (Tex.Crim.App.1986). A trial court commits no error by allowing testimony of an unnamed witness when the testimony did not concern a contested fact issue. *Clay v. State*, 505 S.W.2d 882, 885 (Tex.Crim.App. 1974).

Here, there was no showing nor allegation that the prosecutor acted in bad faith. The appellant could have reasonably anticipated the testimony of the two witnesses. Had appellant needed additional time to prepare for cross-examination of these witnesses, he could have asked for a recess or a continuance. He did not do so. The trial court did not abuse its discretion in permitting the two witnesses to testify. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

SEARS, J., concurs in the results only.