Michael Shannon DOHERTY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00623–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 13, 1994.

Opinion on State's Third Motion for
Rehearing and Appellant's First Motion
for Rehearing Nov. 10, 1994.

Paul G. Johnson, Angleton, for appellant.

Jim Mapel, Mary Peter Cudd, Angleton, for appellee.

Before HUTSON–DUNN, DUGGAN and ANDELL, JJ.

## OPINION ON SECOND MOTION FOR REHEARING

HUTSON–DUNN, Justice.

The State has filed a second motion for rehearing. We overrule this motion. However, the opinion issued by this Court on November 18, 1993, is withdrawn, and the following opinion is filed in lieu thereof.

Initially, the appellant was convicted of murder and given life imprisonment. On November 30, 1989, this Court reversed that conviction and remanded for a new trial. *Doherty v. State*, 781 S.W.2d 439 (Tex.App.— Houston [1st Dist.] 1989, no pet.). The State obtained a new indictment, this time charging the appellant with capital murder. The State waived the death penalty. The jury found the appellant guilty, and the court assessed punishment at life imprisonment.

In three points of error, the appellant appeals this second conviction. He argues that there were due process violations because of 1) prosecutorial vindictiveness, 2) his incompetency to stand trial, and 3) highly prejudicial testimony from a surprise witness.

In his first point of error, the appellant complains that due process of law was violat- ed because the trial court failed to dismiss the indictment for prosecutorial vindictiveness. He argues that his reindictment on a capital murder charge, after having his murder conviction reversed on appeal, is a violation of the rule announced in *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

In *Blackledge*, the United States Supreme Court used the rationale of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), to hold that a state may not bring a charge that is more severe after a defendant has had his conviction overturned on appeal. *Blackledge*, 417 U.S. at 29–30, 94 S.Ct. at 2103. The Court reasoned that "[a] person convicted of an offense is entitled to pursue his statutory right to a trial *de novo*, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration." *Blackledge*, 417 U.S. at 30, 94 S.Ct. at 2103. It is not necessary to prove malice or bad faith on the part of the prosecutor. *Blackledge*, 417 U.S. at 29, 94 S.Ct. at 2102. If the State can show that it was impossible to bring the more serious offense at the time of the first trial, then there has been no vindictiveness. *Blackledge*, 417 U.S. at 30 n. 7, 94 S.Ct. at 2103 n. 7.

The State points out that both the murder indictment and the capital murder indictment carry the same maximum penalty of life imprisonment since the State waived the death penalty in the second trial. It argues that there is no violation of the rule as there was no potential for the appellant to receive a more severe sentence in the second trial. The appellant argues that the difference in *potential* punishment in the two crimes is significant. In a capital murder case where the death penalty is waived, the punishment assessed is automatically life without a punishment hearing. By contrast, murder is a first degree felony and the range of punishment can vary from confinement for life to any term of not more than 99 years or less than five years.

We agree. The minimum punishments for the two offenses are vastly different. The potential minimum in a murder case is five years while life is the minimum in capital murder. We find that the appellant has been subjected to an increased period of incarceration, satisfying the criteria in *Watson* and *Blackledge*, and has, therefore, been subjected to prosecutorial vindictiveness. *Miracle v. Estelle*, 592 F.2d 1269, 1276 (5th Cir.1979).

The State urges that there is no evidence of vindictiveness because the appellant testified that no one from the district attorney's office indicated to him that he would be reindicted for capital murder if he appealed his first conviction. The Supreme Court wrote in *Blackledge* that there does not have to be evidence that the "prosecutor acted in bad faith or maliciously in seeking" a more serious indictment. The holding "is not grounded upon the proposition that actual retaliatory motivation must inevitably exist." *Blackledge*, 417 U.S. at 28, 94 S.Ct. at 2102. *See also Ronk v. State*, 578 S.W.2d 120, 121 (Tex.Crim.App. [Panel Op.] 1979).

The State argues further that even if the capital murder charge does subject the appellant to a significantly increased potential period of incarceration, the new indictment charging him with a capital crime is not the result of prosecutorial vindictiveness. It cites *Wilson v. State*, 633 S.W.2d 952, 956 (Tex.App.—El Paso 1982, no pet.), for the proposition that if "intermediate misconduct" is shown, the more severe reindictment may be attributed to something other than prosecutorial vindictiveness. In our case, the State says that at the second trial a new witness, Horace "Bully" Paul, testified that the appellant had admitted committing the homicide to him. The State says that Paul's statement was not obtained until after the judgment in the first case. However, the record demonstrates that the State was aware of this witness' testimony prior to the first trial. Therefore, it could have prosecuted the appellant for the capital crime at the time of the first trial.

■ A showing of "intermediate misconduct" requires something different. Where there is a possibility of prosecutorial vindictiveness, the burden shifts to the State to show "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Bowie v. State*, 565 S.W.2d 543, 546 (Tex.Crim.App.1978) (citing *Pearce*, 395 U.S. 711, 89 S.Ct. 2072). Although, in the second trial, the State presented evidence from a witness that did not testify in the first trial, the State did not present evidence of "conduct on the part of the appellant occurring after the time of the original sentencing proceeding" that would warrant the upgrade in the offense. *Bowie*, 565 S.W.2d at 546. Therefore, we find that the appellant's due process rights were violated due to prosecutorial vindictiveness in violation of the fourteenth amendment.

The appellant's first point of error is sustained. In light of our determination on the first point of error it is unnecessary for us to address the appellant's other points of error.

We reverse the conviction and remand the cause.

## OPINION ON STATE'S THIRD MOTION FOR REHEARING AND APPELLANT'S FIRST MOTION FOR REHEARING

In our July 7, 1994, opinion on the State's third motion for rehearing, we withdrew our previous judgment, reformed the judgment of conviction from capital murder to murder, and reversed the judgment imposing punishment. We remanded for another punishment hearing on appellant's conviction of murder.

■ After our opinion on the State's third motion for rehearing was issued, appellant filed his first motion for rehearing on July 14, 1994, and asked that he be granted a new trial rather than have the judgment reformed. Without addressing appellant's first motion for rehearing and without withdrawing our July 7, 1994, opinion on the State's third motion for rehearing, we filed another opinion on the State's third motion for rehearing on November 3, 1994. After careful consideration of the State's third motion for rehearing and appellant's first motion for rehearing, we withdraw our previous opinions on the State's third motion for rehearing, dated July 7, 1994, and November 3,

1994. We substitute the following opinion in their place.

Appellant asserts in his first motion for rehearing that we incorrectly applied Tex. R.App.P. 80 and *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex.Crim.App.1993). Appellant argues that *Bigley* is distinguishable because it involved insufficient evidence rather than prosecutorial vindictiveness. Appellant would have us limit *Bigley* to cases in which there is a point of error on insufficient evidence. We decline to do so.

Rule 80 states in pertinent part:

(b) Types of Judgment. The court of appeals may: ... (2) modify the judgment of the court below by correcting or reforming it....

(c) Other Orders. In addition, the court of appeals may make any other appropriate order, as the law and nature of the case may require.

Tex.R.App.P. 80.

The Court in *Bigley*, stated:

The fact that we have interpreted Rule 80 in such a manner as to preclude this Court from having the power to reform judgments, however, does not mean that an intermediate court of appeals is also denied the power to reform judgments. Indeed, Rule 80 specifically states that "[t]he court of appeals may: ... (2) modify the judgment of the court below by correcting *or reforming* it...." Tex.R.App.P. 80.

*Bigley*, 865 S.W.2d at 27 (emphasis added).

The parties in this case do not question whether the evidence is sufficient to support a conviction for the offense of capital murder. The jury found that the evidence supported appellant's conviction for capital murder beyond a reasonable doubt. Further, the court's charge contained an instruction on murder, a lesser included offense of capital murder. Since the offense of murder does not require proof beyond that required for the greater offense of capital murder, we find that appellant could have been convicted of the lesser offense. *See Stephens v. State*, 806 S.W.2d 812, 815 (Tex.Crim.App.1990). In light of *Bigley*, we withdraw our previous opinions, reform the judgment of conviction from capital murder to murder, and reverse

the judgment imposing punishment and remand for another punishment hearing.

We will now address appellant's remaining points of error.

In point of error two, appellant complains that due process of law was violated when the trial court failed to submit the issue of his competency to stand trial to a jury. After voir dire, the trial court heard testimony on the issue of appellant's competency to stand trial and found no evidence to support such a finding. After trial began, the trial court required Dr. Milton Williams, a psychiatrist, to examine appellant. After hearing testimony from the doctor, the trial court maintained its original opinion that there was no evidence establishing appellant's possible incompetence.

■■ When this Court reviews a trial court's determination of this issue, the applicable standard is whether the trial court abused its discretion. *Auldridge v. State*, 533 S.W.2d 821, 823 (Tex.Crim.App.1976). For hearings in advance of trial, in determining whether evidence raises an issue of competency sufficient to submit to the jury, "the trial court is to assay just that evidence tending to show incompetency, putting aside all competing indications of competency, to find whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetency." *Sisco v. State*, 599 S.W.2d 607, 613 (Tex.Crim.App. [Panel Op.] 1980). This standard also applies to hearings during the trial. *Williams v. State*, 663 S.W.2d 832, 834 (Tex. Crim.App.1984).

The Texas Code of Criminal Procedure states that "[a] person is incompetent to stand trial if he does not have: 1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or 2) a rational as well as factual understanding of the proceedings against him." Tex.Code Crim.P.Ann. art. 46.02, § 1(a)(1), (2) (Vernon 1979).

■■ During the initial hearing, appellant's sister testified that appellant had been diagnosed as a manic depressive and schizophrenic at one time and that he was subject

to psychotic episodes. She testified that he had not seen a doctor in two years for this condition, he had not been examined for three years, and had never been hospitalized. She believed that he had not taken any medication for two years. She complained of a severe memory loss that her brother had experienced recently but then admitted that he might have been drinking alcohol at the time. Although she testified that he was destructive to himself, she admitted later that he was not suicidal. Appellant's attorney testified that he had serious doubt about his client's competency, but he also testified that appellant assisted during voir dire and that before he was told of his client's problems by his family he would have thought that his client was competent.

At the second hearing, Dr. Williams testified about his opinion of appellant's competency after an examination. The doctor stated that appellant was competent to stand trial. The doctor testified that appellant did have a history of manic depression and that he appeared to be depressed currently, but he also found no evidence of psychotic activity. The doctor testified that he could not guarantee that appellant would remain competent during the trial, but that it was unlikely that he would become incompetent because the symptoms do not occur overnight but over a period of time.

A review of the record finds that there is no evidence to support submitting an issue to the jury regarding appellant's competency to stand trial. There was no evidence in the record tending to prove that appellant could not understand the proceedings against him or that he could not consult with his attorney. We find that there was no abuse of discretion by the trial court. *Auldridge*, 533 S.W.2d at 823.

We overrule point of error number two.

In appellant's third point of error, he complains that his due process rights were violated by the testimony of a witness not disclosed to him during discovery. He argues further that the testimony of that witness injected highly prejudicial evidence into the trial and the trial court's failure to grant a mistrial was error.

Appellant filed a motion for discovery that requested the State to provide a list of all its witnesses. The trial court granted appellant's motion. At trial on rebuttal, the State called a witness, Mrs. Paul, who was not on the State's witness list that was provided to appellant. Appellant objected to her testimony. The State's response was that its nondisclosure was because it had become aware of the witness only the day before. The trial court overruled the objection. The trial court took a recess and allowed appellant's attorney to speak with the witness about her testimony. The trial court also granted appellant's motion for a continuance to subpoena an additional witness to rebut the testimony of the State's new witness.

 Notice of the State's witnesses must be given upon request by the defense. *Young v. State*, 547 S.W.2d 23, 27 (Tex.Crim. App.1977). When the trial court allows a witness to testify who was not on the list furnished to the defendant, the standard of review is abuse of discretion. *Stoker v. State*, 788 S.W.2d 1, 15 (Tex.Crim.App.1989). In determining abuse of discretion, this Court must look for bad faith in the prosecutor's failure to disclose the witness at an earlier time and whether the defendant could reasonably anticipate that the witness would testify, even though that witness' name was left off the list. *Id.*

 Appellant has not shown bad·faith on the part of the prosecutor. *Hightower v. State*, 629 S.W.2d 920, 925 (Tex.Crim.App. [Panel Op.] 1981). The prosecutor stated that he did not know of the witness' existence until the night before. Further, he did not determine that her testimony would be needed until the next day when the defense put on a witness that Mrs. Paul would contradict in rebuttal. There is no evidence of bad faith on the part of the prosecutor.

 Appellant's ability to anticipate that a witness will testify is only a factor to be considered and is not determinative of whether the trial court abused its discretion. *Stoker*, 788 S.W.2d at 15. In *Stoker*, the State was allowed to call a surprise witness who would testify to the defendant's admission of the crime. *Id.* The Texas Court of

Criminal Appeals found that the trial court had not abused its discretion although the defense could not have anticipated the testimony of this witness. *Id.* Accompanied by a finding that there was no bad faith on the part of the prosecutor, the court reasoned that because the defense was given the opportunity to interview the new witness before he testified, and was given a print-out of the witness' prior criminal history, the trial court did not abuse its discretion in allowing the surprise witness to testify. *Id.*

In the instant case, the defense had no reason to know that Mrs. Paul might be called to testify, although it is possible that defense counsel may have expected some rebuttal testimony after he rested his case. As in *Stoker,* the court allowed appellant's attorney time to talk with Mrs. Paul before she testified. Further, he was granted a continuance so as to call his own witness in order to rebut any testimony by Mrs. Paul. We find that the trial court did not abuse its discretion by allowing Mrs. Paul to testify.

Appellant argues next that the trial court committed error when it did not declare a mistrial after Mrs. Paul testified that appellant was in prison at one time. The State argues that appellant did not properly preserve this objection for appeal.

The testimony and objection afterwards went as follows:

Defense counsel: And did you tell Mrs. Felder that you were afraid to state that for fear of what he would do to you?

Mrs. Paul: No. It was fear of Shannon (appellant) actually. I didn't want him—I have a son and I did not want him to know that I remembered all this or Shannon was out of prison at that time, and—

Defense counsel: I will object at this time, Your Honor, and make a motion for mistrial at this point.

The Court: I will sustain your objection. I will not grant your motion for mistrial. That's denied.

■ To preserve error, a party's objection must be timely. *Ethington v. State,* 819 S.W.2d 854, 858 (Tex.Crim.App.1991). Where it is not possible to object before the testimony, the defense must have objected as soon as it became apparent that the testimony was objectionable. *Id.* The defense must then move to have the trial court instruct the jury to disregard the evidence. *Id.* Then there must be a motion for a mistrial. *Cureton v. State,* 800 S.W.2d 259, 261 (Tex.App.— Houston [14th Dist.] 1990, no pet).

■ In the present case, defense counsel failed to ask for an instruction for the jury to disregard the evidence. This instruction will be sufficient to cure error "except in cases where the evidence is calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced in their minds." *Cureton,* 800 S.W.2d at 261 (citing *Coe v. State,* 683 S.W.2d 431, 436 (Tex.Crim.App.1984)). Defense counsel's failure to make this motion waives any error. *Stringer v. State,* 845 S.W.2d 400, 404 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *Cureton,* 800 S.W.2d at 261.

We find that appellant did not preserve error for his objection to the trial court's denial of mistrial.

We overrule point of error three.

The judgment of conviction of the trial court is reformed from capital murder to murder. We reverse the judgment imposing punishment and remand for another punishment hearing.

ANDELL, J., dissenting.

ANDELL, Justice, dissenting.

In this, the State's third motion for rehearing, it asks us to reform the judgment of the trial court from capital murder to murder rather than send the cause back for a new trial on murder. The State cites *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex.Crim.App. 1993), in support.

In *Bigley,* the appellate court found that the *evidence was insufficient* to convict the appellant on a charge of possession of 400 grams or more of methamphetamine. *Id.* at 26–27. The court found that there was ample evidence to convict on a lesser included offense of possession of 28 grams or more but less than 400. *Id.* at 27. Relying on rule 80 of the Texas Rules of Appellate Proce-

dure, the court reformed the judgment to reflect this lesser charge and sent the cause back to the trial court for a punishment hearing. *Bigley,* 865 S.W.2d at 27. Rule 80(b), (c) states that the court of appeals may modify the judgment of a trial court by correcting or reforming it and that it may make any other appropriate orders. The Texas Court of Criminal Appeals affirmed. *Id.* at 28.

This case was reversed because of a finding of prosecutorial vindictiveness. This Court has not reviewed the record and concluded that the evidence is sufficient to find appellant guilty of murder. Therefore, *Bigley* is distinguishable. This Court may not turn to the record from the first trial and review for sufficiency there. This Court already reversed that judgment. There have been no cases that have ordered anything other than reversal and remand upon a finding of prosecutorial vindictiveness.

I would deny the State's motion for rehearing, reverse the trial court's judgment, and remand the cause.

DUGGAN and HUTSON–DUNN, JJ., also participating.