NOS. 12-01-00149-CR


 12-01-00150-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


HOMER EARL CHATMAN,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS

 

PER CURIAM


 Appellant Homer Earl Chatman was charged with two counts of delivery of a controlled
substance. The jury found him guilty of both charges and sentenced him to ten years in the
penitentiary. In two issues, Appellant complains that the trial court erred when it allowed improper
jury argument and denied his motion for mistrial after the admission of an unadjudicated offense. 
We affirm.

 

Background

 The record reflects that on both September 8, 1997, and October 22, 1997, Appellant sold
cocaine to Officer Blaine Shavers at Appellant's residence. After the second sale took place, Shavers
confirmed the identity of Appellant with a photograph from the Diboll Police Department. Appellant
was arrested and found to be in possession of twenty-six rocks of crack cocaine that were hidden
inside some exterior siding of his home. 


Improper Jury Argument

 In issue one, Appellant complains that during final argument at the guilt-innocence stage of
the trial, the State made improper jury argument, as follows:


 And I also want you to send a message to the people that live in those neighborhoods where drugs are
openly sold, that we're not going to tolerate that, and that people that do that, and when juries are
picked and presented with good credible evidence, that we're going to hold them accountable and
we're going to help you keep your neighborhoods safe and clean . . .


Appellant contends on appeal that the prosecutor's remark was an improper request for the jury to
put themselves in the shoes of the community. However, Appellant admittedly failed to object to
the comment. 

 Generally, error must be presented at trial with a timely and specific objection. See Tex. R.
App. P. 33.1(a). The court of criminal appeals has held that a defendant's right "not to be subjected
to incurable erroneous jury arguments is one of those rights that is forfeited by a failure to insist upon
it." Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Consequently, Appellant did not
preserve this complaint for appellate review. We overrule issue one.


Extraneous Offense

 In issue two, Appellant asserts that the trial court erred when it did not grant a mistrial upon
the testimony of an unadjudicated offense at the punishment phase of the trial. The testimony of
which Appellant complains occurred when the prosecutor was questioning the arresting officer, as
follows:


 Prosecutor: And during your search of the residence were there any other non-narcotic items
seized?

 Witness: Yes, sir, there was. There was one exhibit that was seized. It was a shotgun,
sawed-off shotgun that was recovered, deemed inoperable, but it was still a weapon
and he was still in possession of a firearm, a felon in possession of a firearm.

 Def. Atty.: Your Honor, I'm going to object to this, request that the - and at this time move for
a mistrial.

 Court: Tell me the legal basis of your objection.

 Def. Atty.: Your Honor, there's just been testimony and evidence concerning a conviction or
act that the District Attorney did not reveal to us pursuant to our request under,
pursuant to Article 37.07 and Rule 404(b). 



The court then conducted a hearing outside the presence of the jury, at which time the prosecutor
responded to defense counsel's complaint. He stated that because the gun was inoperable, it was not
an extraneous offense or bad act, and was therefore not a violation of article 37.07(g) of the Texas
Code of Criminal Procedure. (1) And upon cross-examination of the arresting officer, Appellant
elicited testimony that the shotgun was not, in fact, a firearm. 

 In addition, Appellant failed to preserve error when he did not obtain a ruling on his initial
objection, nor did he ask the court to give the jury an instruction to disregard before he moved for
a mistrial. See Doherty v. State, 892 S.W.2d 13, 19 (Tex. App.-Houston [1st Dist.] 1994, pet.
ref'd)(the defense must object, move to have the trial court instruct the jury to disregard the
evidence, then move for a mistrial to preserve error). We overrule issue two.

 We affirm the judgment of the trial court.




Opinion delivered February 28, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.


















(DO NOT PUBLISH)
1. Tex. Code Crim. Proc. Ann. art. 37.07(g) requires that if the defendant so requests, the State must give
notice of intent to introduce evidence of an extraneous crime or bad act that has not resulted in a final conviction.