Affirmed and Memorandum Opinion filed August 19, 2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00065-CR



 

Bill Rashad Jones, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 77th District
Court

Limestone County, Texas

Trial Court Cause No. 11433-A



 

MEMORANDUM OPINION

Appellant, Bill Rashad Jones, appeals his conviction
for aggravated robbery.  In three issues, appellant contends (1) the evidence
is factually insufficient to support the verdict, (2) the trial court erred in
denying his motion for mistrial, and (3) the trial court erred in permitting a
late-declared witness to testify.  Because all dispositive issues are settled
in law, we issue this memorandum opinion and affirm.  See Tex. R. App.
P. 47.4.[1]

Background

On October 3, 2007, Christopher Van Winkle was
working as a clerk at the Double D Convenience Store in Mexia, Texas.  Near
closing time, he was placing the day’s cash receipts in the safe at the store. 
At this time, an individual later identified as appellant entered the store and
appeared to have difficulty opening the ice cream freezer.  Van Winkle walked
over to appellant to assist him with the freezer.  As Van Winkle approached, appellant
placed a gun at the back of Van Winkle’s head and ordered him to the backroom,
where appellant attempted to bind Van Winkle’s hands with “zip-ties.”  Another
man, later identified as Danny Williams, entered the store after Van Winkle was
ordered to the backroom and helped appellant tie Van Winkle’s hands.

The day after the robbery, maintenance workers found a
back pack containing a handgun behind a hedge.  Law enforcement authorities
recovered DNA from the zip-ties used to bind Van Winkle’s hands.  The DNA on
the ties was consistent with that of Danny Williams.  When Williams was
arrested and informed that his DNA matched that on the zip-ties, he agreed to
testify against appellant in exchange for a ten-year sentence.  Williams
testified that he and appellant planned the convenience store robbery in
advance.  Appellant prepared a back pack with the zip-ties and the gun and
directed the robbery.  At trial, Van Winkle identified appellant as the man who
held the firearm during the robbery.  Further, the State produced videotape
from the store’s security system that showed appellant committing the robbery.

In his defense, appellant presented the testimony of
several alibi witnesses.  Those witnesses testified that, on the night of the
robbery, appellant attended church choir practice until approximately 8:00 or
8:30 p.m.  One of the witnesses drove appellant to the home of Jason Forge. 
Forge testified that appellant came to his home at around 9:00 the night of the
robbery and did not leave until the next morning when he went to work.  

A jury convicted appellant of aggravated robbery.  During
the punishment phase of trial, appellant admitted that he committed the
robbery.  Appellant was sentenced to twenty years’ confinement.  This appeal
followed. 

Factual Sufficiency of the
Evidence

In his first issue, appellant contends the evidence
is factually insufficient to support his conviction.  In examining a
factual-sufficiency challenge, we review all the evidence in a neutral light
and set aside the verdict only if (1) the evidence is so weak that the verdict
seems clearly wrong or manifestly unjust or (2) the verdict is against the
great weight and preponderance of the evidence.  See Marshall v. State,
210 S.W.3d 618, 625 (Tex. Crim. App. 2006); Watson v. State, 204 S.W.3d
404, 414–15 (Tex. Crim. App. 2006).

Appellant claims this case is “nearly on all fours”
with Ward v. State, 48 S.W.3d 383 (Tex. App.—Waco 2001, pet. ref’d).  In
that case, the court of appeals concluded the evidence was factually
insufficient to support a jury’s finding that the defendant was guilty of
robbery.  Id. at 391.  Four of the defendant’s fellow employees
testified that he was working on the day of the robbery, and time cards
corroborated their testimony.  Id. at 390–91.  Two of the eyewitnesses
who identified the defendant as the robber saw the perpetrator for only a brief
period of time, the third eyewitness was on medication for a mental condition,
and another eyewitness identified someone other than the defendant.  Id.
at 391.

Appellant contends the sizeable evidence contrary to
guilt cannot be resolved here just as in Ward.  Unlike Ward,
however, the testimony of the alibi witnesses in this case was not corroborated
by evidence of time cards or other evidence.  See id. at 390–91.  In
this case, the testimony of the accomplice and the complainant is corroborated
by the video of the store’s security system showing appellant committing the
robbery.  Therefore, the evidence of guilt is not so obviously weak as to
undermine confidence in the jury’s determination or so greatly outweighed by
contrary proof as to indicate that a manifest injustice has occurred.  We
overrule appellant’s first issue.

 

 

Motion For Mistrial After Allen
Charge

In his second issue, appellant contends the trial
court erred in denying his motion for mistrial after the jury determined it was
unable to reach a verdict.  The record reflects that the jury received the
court’s charge on the afternoon of October 29, 2008.  The jury deliberated for
a period of time then sent a note to the court stating it was “deadlocked nine
to three.”  The trial court read the note to appellant, his attorney, and the
State’s attorney and stated its inclination to read an Allen charge to
the jury.[2] 
Appellant’s attorney stated he had no objection to the court’s reading of an Allen
charge to the jury.  After receiving the Allen charge, the jury
continued to deliberate, but was unable to reach a verdict that night.  The
jury was recessed shortly after 6:00 p.m. and instructed to return by 9:00 the
next morning.

The next morning the jury continued to deliberate and
sent several notes to the court requesting the testimony of the complainant. 
Through a series of notes between the court and the jury, a portion of the
complainant’s testimony was read to the jury.  At approximately 11:55 a.m., the
jury sent out another note stating it was “deadlocked eleven to one.”  At this
time, appellant moved for a mistrial.  The court initially stated that it would
bring the jurors into the courtroom and ask each of them if they were unable to
reach a verdict.  If each of the jurors stated they could not reach a verdict,
the court expressed her intent to declare a mistrial and set the case for
retrial in January.  After some discussion with both attorneys, the decision
was made to send the jurors to lunch and instruct them to engage in a short
deliberation following the lunch break.  The court stated that, if the jury was
unable to reach a verdict after lunch, the court would declare a mistrial. 
Appellant’s attorney did not object to the decision to send the jury to lunch. 
Following the lunch recess, the jury continued to deliberate and reached a
verdict.

A trial court may in its discretion discharge a jury
“where it has been kept together for such time as to render it altogether
improbable that it can agree.”  Tex. Code Crim. Proc. art. 36.31 (Vernon 2006);
Guidry v. State, 9 S.W.3d 133, 155 (Tex. Crim. App. 1999).  To determine
whether the court has abused its discretion in this regard, we consider several
factors including the length of the trial, the amount of evidence admitted, and
the nature and complexities of the case.  See Jackson v. State, 17
S.W.3d 664, 676–77 (Tex. Crim. App. 2000).

The testimony in this case spanned one and one-half
days.  The State’s evidence consisted of the complainant’s testimony, the
accomplice testimony, the testimony of the responding and arresting officers,
DNA testimony, and video from the store’s security system.  Appellant’s
evidence consisted of alibi testimony that appellant was somewhere else at the
time of the robbery.  The jury deliberated approximately three hours the first
day, three hours the next morning, and an undetermined amount of time following
the lunch recess.  Before the lunch recess the jury sent several notes
regarding disputed testimony.  These requests indicate that the jurors were not
at a deliberate standstill but were actively considering the relevant evidence.
 See Howard v. State, 941 S.W.2d 102, 122 (Tex. Crim. App. 1996).  Considering
the evidence presented at trial, sending the jury back for further deliberation
after it had deliberated for approximately three hours the night before, and
two and a half hours that morning, was well within reason.  Because the trial
court did not abuse its discretion, we overrule appellant’s second issue.

Admission of Accomplice
Testimony

In his third issue, appellant contends the trial
court erred in failing to exclude the testimony of Danny Williams.  In the week
before trial, the State obtained DNA test results that revealed DNA consistent
with that of Williams on the zip-ties used to bind the complainant.  When
Williams was informed that his DNA matched that of samples taken from the
zip-ties he entered into a plea bargain agreement with the State in exchange
for his testimony against appellant.  Before trial, appellant sought to exclude
Williams’s testimony on the ground that the State had not listed him as a
witness more than twenty days before trial.  Appellant argued that Williams’s
testimony changed the complexion of his defense and he did not have adequate
time to prepare.  The State responded that appellant had subpoenaed Williams to
testify and the State did not anticipate calling him as a witness until the DNA
results were returned.  Appellant conceded that the State was not responsible
for the delay in the test results.  The trial court denied appellant’s motion
to exclude Williams’s testimony and his motion for continuance.

We consider two factors when determining whether the
trial court abused its discretion in allowing an undisclosed witness to testify:
(1) whether the prosecutor acted in bad faith in failing to provide the defense
with the witness's name; and (2) whether the defendant could have reasonably
anticipated that the witness would testify despite the State’s failure to
disclose the name.  Cureton v. State, 800 S.W.2d 259, 262 (Tex.
App.—Houston [14th Dist.] 1990, no pet.).  Absent a defendant’s ability to show
these factors on appeal, the trial court’s decision permitting the testimony
will not be disturbed.  Castaneda v. State, 28 S.W.3d 216, 223 (Tex. App.—El
Paso 2000, pet. ref’d).  

In determining whether the State acted in bad faith,
we consider whether the defense shows that the State intended to deceive and
whether the State’s notice left the defense adequate time to prepare.  See Nobles
v. State, 843 S.W.2d 503, 515 (Tex. Crim. App. 1992).  Similarly, in
determining whether the defense could have anticipated the State’s witness, we
examine (1) the degree of surprise to the defendant, (2) the degree of
disadvantage inherent in that surprise, and (3) the degree to which the trial
court was able to remedy that surprise.  See Martinez v. State, 131
S.W.3d 22, 29 (Tex. App.—San Antonio 2003, no pet.).

Appellant concedes that the State did not act in bad
faith.  The DNA results were delayed from the lab, and Williams decided to
testify on behalf of the State only after learning of those results.  In
examining whether appellant could have anticipated the State’s witness, we note
that Williams had been subpoenaed by appellant, but appellant claims Williams
changed his testimony after being informed of the DNA results.  The State told
appellant several days prior to trial that it planned to call Williams to testify. 
Therefore, appellant was afforded time to remedy the surprise and was able to
do so by calling several alibi witnesses to testify on appellant’s behalf.  In
such a case, defense counsel should anticipate the possibility that an
accomplice could become a witness, “as it is not uncommon for a co-defendant to
turn State’s evidence, for a favorable deal.”  Vasquez v. State, 67
S.W.3d 229, 240 (Tex. Crim. App. 2002).  Appellant has not shown that the trial
court abused its discretion in permitting Williams to testify.  We overrule appellant’s
third issue.

We affirm the judgment of the trial court.

 

                                                                                                                                                                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Seymore, and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
This appeal was transferred to this court from the Tenth Court of Appeals.  In
cases transferred from one court of appeals to another, the transferee court
must decide the case in accordance with the precedent of the transferor court
if the transferee court’s decision would have been inconsistent with the
precedent of the transferor court.  See Tex. R. App. P. 41.3.





[2]
An Allen charge consists of supplemental jury instructions that urge
deadlocked juries to keep in mind the impression the evidence has made on the
other jurors and reminds them of their duty to decide the case if they can do
so.  See Allen v. United States, 164 U.S. 492, 501–502 (1896).