Arnold Steve **HUBBARD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46422.

Court of Criminal Appeals of Texas.

July 17, 1973.

Michael L. Morrow, Dallas, for appellant.

Henry Wade, Dist. Atty., Mike McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of robbery by firearms. The jury assessed punishment at twenty-five years.

The sufficiency of the evidence is not challenged.

The facts show that on January 28, 1970, Richard Crawford, assistant manager of Buddie's Food Store on South Loop 12 in Dallas, was robbed by four men brandishing a shotgun and pistols. Appellant was identified in court as one of the four robbers by Crawford and W. J. Echols, the produce manager of the store.

Initially, appellant challenges this in-court identification. He argues that it was tainted by a pre-trial photographic process which was impermissibly suggestive in violation of the mandate established in Simmons v. United States, 390 U.S. 377, 88 S. Ct. 967, 19 L.Ed.2d 1247 (1968).

The record reflects that both Crawford and Echols had been shown a single photograph of appellant on the morning of the trial by the prosecutor. Appellant's counsel then filed a motion for a hearing outside the presence of the jury to determine whether that procedure would taint the in-court identification of appellant. At that hearing the two witnesses testified that they were able to identify appellant from observing him during the robbery and independent of the photograph shown them that morning by the prosecutor. Echols also testified that he had identified appellant at a police lineup. Officer John P. Adamcek of the Dallas Police Department testified that Echols witnessed a lineup, but the appellant was not in it and that Echols identified no one. Echols testified that he identified appellant at two separate photographic displays. At the conclusion of the hearing, the trial judge made his findings that the identification of the witnesses was made independent of any lineup or independent of any viewing of the picture and was based solely upon their recollection of the appellant at the time of the alleged robbery. See Martinez v. State, Tex.Cr.App., 437 S.W.2d 842. After this case was tried, the practice of the showing of a single photograph to a prosecuting witness was condemned in Boyd v. State, Tex.Cr.App., 472 S.W.2d 125, and such a practice should not be followed. We hold that no reversible error has been shown.

Next, appellant contends that he was denied the right to counsel at a critical

**926**

stage after indictment because neither he nor his counsel was present when the witnesses were shown the photograph. This contention is overruled.

Recently the Supreme Court of the United States held that the Sixth Amendment does not grant an accused the right to have counsel present when the government conducts a post-indictment photographic display, containing a picture of the accused, for the purpose of allowing a witness to attempt an identification of the offender. United States v. Ash, —— U.S. ——, 93 S. Ct. 2568, 37 L.Ed.2d 619 (1973). See Navajar v. State, 496 S.W.2d 61 (1973); White v. State, 496 S.W.2d 642 (1973).

 Appellant contends that the trial court erred in admitting into evidence the photograph shown to the witnesses by the prosecutor prior to trial. He argues that it was harmful and prejudicial to him because it was a mugshot from the Sheriff's Department files. He further argues that it was only an attempt upon the part of the State to bolster the witness's testimony.

The record reflects that the photograph was not admitted into evidence until after the appellant, on cross-examination of the prosecuting witness, had gone into the details of his identification of the guilty party from the photograph. Under the record, the photograph was admissible on the issue of appellant's identity and the court did not err in admitting it in evidence. Alejandro v. State, Tex.Cr.App., 394 S.W.2d 523.

Complaint is next made of the trial court allowing the witness Brenda J. Williams to testify because her name was not listed on the list of State's witnesses furnished appellant in compliance with his motion to discover. Appellant now contends that he was unduly surprised by the witness Williams' testimony. She was called in rebuttal by the State after the appellant testified to an alibi. She testified that she heard the appellant and three others plan the robbery.

Appellant did not object to her testimony nor did he request a continuance at the time of the trial. He cannot now be heard to complain. Any error in allowing the witness to testify was made harmless by appellant's failure to object or request a continuance.

 Lastly, appellant contends that it was error for the trial court to allow the police officers to testify as to his reputation in the community. He argues that the reputation evidence obtained by these witnesses came only as a result of the instant case and is, therefore, not admissible.

The record reflects that the officers based their opinions on discussions with fellow officers and persons who lived in appellant's neighborhood. His contention is without merit.

No reversible error being shown, the judgment is affirmed.