Affirmed and Memorandum Opinion
filed December 22, 2009.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00807-CR



Kesha Michele
Mitchell, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the County Court at Law No. 2

Fort Bend County, Texas

Trial Court
Cause No. 130026



 

MEMORANDUM OPINION 

Appellant Kesha Michele Mitchell appeals her
conviction for misdemeanor theft.  In her sole issue, appellant contends the
trial court erred in allowing a witness who was not listed in the State’s
discovery response to testify at trial over her objection.  We affirm.  

BACKGROUND

Appellant was arrested on March 2, 2007 for allegedly
stealing four items of clothing from the Macy’s department store in Sugar Land. 
She was later charged with misdemeanor theft of merchandise valued at $50 or
more but less than $500.  

At trial, the State’s only witness during its case in
chief was Moses Ramirez, the loss prevention manager for the Sugar Land Macy’s
at the time of the incident.  He testified that he noticed appellant was carrying
a bag when she entered the store.  Ramirez stated that because it is common
practice for people to bring bags to the store as a way to conceal merchandise
they intend to steal, he began video and visual surveillance of appellant.  Ramirez
watched appellant pick out several clothing items and take them into a fitting
room.  He waited outside the fitting room and asked Crystal Rodriguez—another
Macy’s loss prevention officer—to wait inside the fitting room while appellant
was in a changing room.  Ramirez stated that after appellant left the changing
room, the bag she carried into the store was “visibly larger” than when she
entered.  Appellant returned a few items to the racks and then proceeded to the
checkout line to pay for other items.  Ramirez testified that he saw at least
one item in appellant’s bag that she did not return to a rack and did not pay
for.  

Once appellant left the store, Ramirez confronted her
and identified himself as a loss prevention officer.  He brought her back into
the store, and the police were called.  Ramirez recovered four articles of
clothing with tags still attached in appellant’s bag that appellant had not
purchased.  Appellant claimed she had purchased the items from another Macy’s
and produced receipts for the recovered items.  Ramirez testified he inspected
the receipts and found that the recovered merchandise and the receipts did not
match.  He also stated that appellant eventually admitted taking the
merchandise without paying for it.  Ramirez kept appellant in the store until
the police arrived, at which point she was arrested.  

Appellant testified that she already owned each of
the four items she was accused of stealing.  She stated that she would
occasionally bring items she had previously purchased into a store so that she
could match them to new clothes.  Appellant reasoned that her bag appeared
larger when she left the fitting room because she did not re-fold her clothes. 
She also stated that she left all of the items she did not purchase in the
changing room and that the receipts she showed to Ramirez and Rodriguez were
for the four recovered items.  Appellant denied confessing to Ramirez and
Rodriguez.  

The State then called Ramirez back to the stand in
rebuttal.  The State asked Ramirez whether any items matching the recovered
merchandise were found in the fitting room after appellant exited.  The trial
court sustained appellant’s hearsay objection to this line of questioning since
Ramirez never personally entered the changing room.  Ramirez then testified
that he asked Rodriguez to enter the changing room right after appellant
exited.  

The State then called Rodriguez as a second rebuttal
witness.  Appellant objected to Rodriguez’s testimony because she had not been
notified that Rodriguez would be called as a witness.  The trial court
overruled the objection and allowed Rodriguez to testify.  Rodriguez testified
that she had participated in the surveillance and apprehension of appellant at
Macy’s.  She stated that she waited for appellant to leave the changing room,
and then entered and discovered that appellant had left several items of
clothing in the room, none of which matched the four items eventually recovered
from appellant.  Rodriguez also recalled that appellant admitted stealing the
recovered items.  Rodriguez repeatedly stated that appellant removed the
recovered items from racks in the store, took them into the fitting room, and
then exited the store without paying for them.  

The jury found appellant guilty and the trial court
sentenced appellant to 180 days in jail, probated for 15 months.  Appellant’s
sole issue on appeal is that the trial court improperly allowed Rodriguez to
testify because she had not been disclosed as a potential State’s witness.  The
trial court issued a pre-trial discovery order requiring the State to disclose
“[a] list of all State’s witnesses in [State’s] case in chief and punishment to
be filed in Court’s file ten (10) days before trial and a list of rebuttal
witnesses when known by the State.”  It is undisputed that the State never
provided written notification of Rodriguez’s identity as a possible witness.  

ANALYSIS

            The State should disclose
witnesses in response to a discovery order if they will be used at any stage in
the trial.  Hightower v. State, 629 S.W.2d 920, 925 (Tex. Crim. App.
[Panel Op.] 1981).  However, the State is not typically required to disclose
rebuttal witnesses because it cannot foresee the theories or evidence the
defense will present at trial.  See Beets v. State, 767 S.W.2d 711,
747–48 (Tex. Crim. App. 1987) (op. on reh’g); Hoagland v. State, 494
S.W.2d 186, 188–89 (Tex. Crim. App. 1973).  We review a trial court’s decision
to allow an undisclosed witness to testify for an abuse of discretion.  Bridge
v. State, 726 S.W.2d 558, 566 (Tex. Crim. App. 1986); Cureton v. State,
800 S.W.2d 259, 262 (Tex. App.—Houston [14th Dist.] 1990, no pet.).  Absent a
showing of bad faith, a trial court does not abuse its discretion by allowing
the State to call an undisclosed witness for the sole purpose of rebutting
unforeseen testimony.  Marx v. State, 953 S.W.2d 321, 338 (Tex.
App.—Austin 1997), aff’d, 987 S.W.2d 577 (Tex. Crim. App. 1999). 

            We consider two
factors when determining whether the trial court abused its discretion in
allowing an undisclosed witness to testify: (1) whether the prosecutor acted in
bad faith in failing to provide the defense with the witness’s name and (2) whether
the defendant could have reasonably anticipated that the witness would testify
despite the State’s failure to disclose the name.  Cureton, 800 S.W.2d
at 262.  Absent appellant’s ability to show these factors on appeal, the trial
court’s decision allowing the testimony will not be disturbed.  Castaneda v.
State, 28 S.W.3d 216, 223 (Tex. App.—El Paso 2000, pet. ref’d).  

            In considering
whether the State acted in bad faith, reviewing courts have considered the
following three areas of inquiry: (1) whether the defense shows that the State
intended to deceive; (2) whether the State’s notice left the defense adequate
time to prepare; and (3) whether the State freely provided the defense with
information (e.g., by promptly notifying the defense of new witnesses, by
providing updated witnesses lists, or by maintaining an open file policy).  Martinez
v. State, 131 S.W.3d 22, 29 (Tex. App.—San Antonio 2003, no pet.).  

Here, the record does not establish that the State
acted in bad faith.  First, appellant has not shown in the record that the
State’s failure to disclose Rodriguez’s identity was an intentional effort to
deceive.  Appellant points to no evidence that the State intended to call
Rodriguez as a rebuttal witness and consciously declined to disclose her
identity.  When Rodriguez was called to testify, appellant failed to develop
facts or obtain the State’s explanation for why Rodriguez’s identity was not
disclosed.[1]
 Appellant also fails to demonstrate in the record that the State’s notice left
the defense inadequate time to prepare or that the State failed to freely
provide the defense with information.  At trial, appellant’s counsel stated
that “we only found out a short time ago that [Rodriguez] is here,” but never
stated she did not have adequate time to prepare for Rodriguez’s testimony.  Nor
does appellant point to any facts in the record that would indicate the State
failed to freely provide information to appellant.  Appellant simply contends
that “[a]t some point, even if it was only in the last moments prior to Ms.
Rodriguez’s testimony, the State must have acted in bad faith in failing to
notify [a]ppellant of the State’s intention to call Ms. Rodriguez as a
witness.”[2] 
We find that appellant has not demonstrated that the State acted in bad faith
in not disclosing Rodriguez’s identity prior to her rebuttal testimony.  

            Next, in
considering whether the defendant could have reasonably anticipated that the
witness would testify despite the State’s failure to disclose the name,
reviewing courts have considered: (1) the degree of surprise to the defendant;
(2) the degree of disadvantage inherent in that surprise (e.g., the defendant
was aware of what the witness would say, or the witness testified about
cumulative or uncontested issues); and (3) the degree to which the trial court
was able to remedy that surprise (e.g., by granting the defense a recess,
postponement, or continuance, or by ordering the State to provide the witness’s
criminal history).  Id.  Whether the defendant could have reasonably
anticipated the witness’s testimony is only a factor to be considered and is
not determinative of whether the trial court abused its discretion.  Depena
v. State, 148 S.W.3d 461, 467–68 (Tex. App.—Corpus Christi 2004, no pet.). 

            Appellant has not
shown she could not have reasonably anticipated that Rodriguez would testify. 
Though she may not have known that Rodriguez would testify as a rebuttal
witness or exactly what her testimony would be, appellant had reason to
anticipate her testimony after Ramirez’s and appellant’s testimony.  Appellant
heard Ramirez testify that he sent Rodriguez into the changing room to check
for all the merchandise appellant took into the room.  We fail to see how
appellant could truly be surprised that Rodriguez would be called to rebut her
contention that she left all the items she did not purchase in the fitting
room.  Further, appellant makes no showing that the trial court was unable to
remedy any surprise because she did not ask for a recess or continuance to
interview Rodriguez to determine what her testimony would be.  We find appellant
has not shown that she could not have reasonably anticipated Rodriguez’s
rebuttal testimony.  

            Appellant has not
shown that the State acted in bad faith by not disclosing Rodriguez’s identity
as a witness prior to calling her at trial or that appellant could not have
reasonably anticipated Rodriguez’s testimony.  Therefore, the trial court did
not abuse its discretion by allowing Rodriguez to testify as a rebuttal witness. 
See Marx, 953 S.W.2d at 338.  

However, even if the trial court abused its
discretion by allowing Rodriguez to testify, any error would be harmless
because appellant failed to move for a continuance.  See Hardin v.
State, 20 S.W.3d 84, 88 (Tex. App.—Texarkana 2000, pet. ref’d).  If,
despite a court order, the State does not furnish a witness’s name before
trial, “any error in allowing that witness to testify over a claim of surprise
is ‘made harmless’ by defendant’s failure to object or move for a
continuance.”  Barnes v. State, 876 S.W.2d 316, 328 (Tex. Crim. App.
1994) (quoting Youens v. State, 742 S.W.2d 855, 860 (Tex. App.—Beaumont
1987, pet ref’d)); see also Hubbard v. State, 496 S.W.2d 924, 926 (Tex.
Crim. App. 1973).  At trial, appellant’s counsel objected once Rodriguez was called
because “she was not listed in the State’s Discovery Response . . .
nor was she ever subpoenaed by the State, and we only found out a short time
ago that she is here.”  Appellant failed to seek a recess or continuance in her
objection and failed to state how she would be harmed by Rodriguez’s
testimony.  Her failure to do so “deprived the trial court of an opportunity to
properly remedy the surprise complained of.”  Quinones v. State, 592
S.W.2d 933, 946 (Tex. Crim. App. 1980).[3] 


            For the foregoing
reasons, we overrule appellant’s sole issue on appeal and affirm the trial
court’s judgment. 

 

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

Panel consists of Justices Yates, Frost,
and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
The record is completely silent on this issue until closing argument.  The
prosecutor stated that Rodriguez was not called during the State’s case in
chief because it had difficulty finding her and because it didn’t think her
testimony would be necessary.  No further explanation was given.  





[2]
Appellant states that merely “[w]aiting until the last minute before a
witness’[s] testimony indicates an intent to deceive and suggests the State
acted in bad faith.”  See Depena v. State, 148 S.W.3d 461, 467 (Tex. App.—Corpus
Christi 2004, no pet.).  However, Depena involved the State’s specific
duty to disclose the identity of expert rebuttal witnesses and therefore does
not apply in this case.  See id. at 465–67.  Also, appellant provides no
facts in support of this “suggestion” that the State acted in bad faith.  





[3]
We note that the trial court made no determination as to whether the State
violated the discovery order by not disclosing Rodriguez’s identity as a
rebuttal witness “when known.”  We note further that the admissibility of
evidence is within the discretion of the trial court and will not be reversed
absent an abuse of discretion.  Osbourn v. State, 92 S.W.3d 531, 537
(Tex. Crim. App. 2002).  Therefore, after determining that the trial court did
not abuse its discretion by allowing Rodriguez to testify, our outcome would
not change even if we determined the State violated the discovery order.  See
Murillo v. State, 839 S.W.2d 485, 493–94 (Tex. App.—El Paso 1992, no pet.)
(holding trial court did not abuse its discretion in allowing the State to call
a rebuttal witness who had not been disclosed in contravention of court’s order
requiring disclosure of all prosecution witnesses, including rebuttal
witnesses).