**AFFIRMED; Opinion Filed October 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01514-CR

### ERASMO GARCIA-RAMIREZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 291st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F12-12531-U

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Myers

A jury convicted appellant Erasmo Garcia-Ramirez of continuous sexual abuse of a young child and assessed punishment of forty years in prison. In one issue, he argues the trial court erred by allowing the State to call a witness not disclosed to the defense. We affirm.

### DISCUSSION

In his issue, appellant contends the trial court abused its discretion by allowing a witness, E.C., to testify despite not being on the State's witness list, and that the error was harmful. Appellant specifically alleges that "the record plainly demonstrates that the State knew what approach the defense would take and knew that [E.C.] would be called as a witness," and that "the State also knew that trial counsel had been on the case for less than a month and his

preparation was therefore hurried."[1]  He argues that "the only reasonable conclusion is that the State withheld [E.C.'s] name to gain a strategic advantage, and that the defense was precluded from anticipating as much."

E.C. was a fourteen-year-old girl who was called to testify following the testimony of the sexual assault nurse examiner.   When E.C. was called by the State, defense counsel objected, "And Judge, I'm going to make the objection she was not on the witness list."  After an off-the-record conference at the bench, the trial court overruled the objection.   Defense counsel did not request a continuance.

E.C. testified that she had known the complainant, M.A., since the fourth grade.  When they were in the fifth grade together, M.A. told her a secret and said not to mention it to anyone. E.C. testified that M.A. told her she had been raped by a man.  According to E.C.'s testimony, M.A. seemed frightened when she told her this secret, and E.C. was also frightened.  E.C. said she did not tell anyone about the secret until she was called to the school's police office in the eighth grade and asked about it.  E.C. also testified that M.A. was frightened because the man that raped her "threatened her by saying that he will kill her and her family."

An appellate court reviews the trial court's decision to permit testimony by a witness whose name was not on the State's witness list for an abuse of discretion.  *Hightower v. State*, 629 S.W.2d 920, 925 (Tex. Crim. App. 1981); *Moore v. State*, 38 S.W.3d 232, 236 (Tex. App.—Texarkana 2001, pet. ref'd).  However, "any error in allowing [an undisclosed] witness to testify over a claim of surprise is 'made harmless' by defendant's failure to object or move for a continuance." *Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994) (en banc) (per curiam).  In *Barnes*, the appellant argued the trial court erred in allowing three punishment-phase

---

[1] Defense counsel was appointed on September 25, 2013.  Appellant was admonished October 15, 2013, the voir dire held on October 22, 2013, and the guilt/innocence part of the trial started the following day.  During the admonishment hearing, defense counsel told the court he had obtained an investigator, had reviewed the evidence, and was "on top of things" and would "be adequately prepared to represent" appellant.

witnesses to testify even though their names were not on the State's witness lists. *Id.* The appellant objected at trial but failed to move for a continuance in order to interview the witnesses or determine the matters about which they were to testify. *Id.* The court concluded that because appellant did not seek a continuance, he "'cannot now be heard to complain.'" *Id.* (quoting *Hubbard v. State*, 496 S.W.2d 924, 926 (Tex. Crim. App. 1973)).

In this case, appellant objected that E.C. was not on the State's witness list but did not request a continuance, nor did appellant request a continuance following the witness's testimony. "Having failed to do so, he 'cannot now be heard to complain.'" *Id.*; *Murray v. State*, No. 05–13–00484–CR, 2014 WL 2601698, at *2 (Tex. App.—Dallas June 10, 2014, no pet.) (mem op., not designated for publication); *Mapps v. State*, No. 05–10–00581–CR, 2011 WL 2507835, at *2 (Tex. App.—Dallas June 24, 2011, no pet.) (mem. op., not designated for publication). We overrule appellant's issue.

The trial court's judgment is affirmed.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131514F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERASMO GARCIA-RAMIREZ, Appellant

No. 05-13-01514-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-12531-U.
Opinion delivered by Justice Myers.
Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of October, 2014.