PD-1559-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/30/2014 3:30:25 PM
Accepted 12/31/2014 1:00:00 PM
ABEL ACOSTA
CLERK

*Oral Argument Waived*

## CAUSE NO. PD-1559-14

## IN THE TEXAS COURT OF CRIMINAL APPEALS

_____

## ERASMO GARCIA-RAMIREZ,
### Appellant
## V.

## THE STATE OF TEXAS,
### Appellee.

_____

### FROM THE FIFTH DISTRICT COURT OF APPEALS
### CAUSE NO. 05-13-01514-CR


### APPEAL FROM THE 291STJUDICIAL DISTRICT COURT OF
### DALLAS COUNTY, TEXS CAUSE NO. F-12-12531-U
### THE HONORABLE JOHN R. NELMS SITTING
### FOR THE HONORABLE SUSAN HAWK

_____

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
_____

**BRUCE ANTON**
**STATE BAR NO. 01274700**
**ba@sualaw.com**

FILED IN
COURT OF CRIMINAL APPEALS

December 31, 2014

ABEL ACOSTA, CLERK

**SORRELS, UDASHEN & ANTON**
**2311 CEDAR SPRINGS ROAD**
**SUITE 250**
**DALLAS, TEXAS 75201**
**(214) 468-8100 Office**
**(214) 468-8104 Fax**


**ATTORNEY FOR PETITIONER,**
**ERASMO GARCIA-RAMIREZ**

## GROUND FOR REVIEW

Did the court of appeals err in holding that a motion for continuance is required to preserve error related to a surprise witness when sister courts have held that only an objection is required?

# IDENTITY OF PARTIES AND COUNSEL

For Appellant Erasmo Garcia-Ramirez:

> James Jamison
> *Trial Counsel*
> 529 West 12th Street
> Dallas, Texas 75208

> Bruce Anton
> Brett E. Ordiway
> *Appellate Counsel*
> Sorrels, Udashen & Anton
> 2311 Cedar Springs Suite 250
> Dallas, Texas 75201

> Tiffany Talamantez
> Law Office of Kevin B. Ross, P.C.
> 8150 N. Central Expy. Ste. 601
> Dallas, Texas 75206

For Appellee the State of Texas:

> Travis Wiles
> Stephanie Martin
> *Trial Counsel*
> Dallas County District Attorney's Office
> 133 North Riverfront Blvd.
> Dallas, Texas 75027

> Kimberly Duncan
> *Appellate Counsel*
> Dallas County District Attorney's Office
> 133 North Riverfront Blvd.
> Dallas, Texas 75027

# TABLE OF CONTENTS

**Page**

GROUND FOR REVIEW..................................................................................................... i

IDENTITY OF PARTIES AND COUNSEL ...................................................................... ii

TABLE OF CONTENTS.................................................................................................... iii

INDEX OF AUTHORITIES.........................................................................................iv-v

STATEMENT REGARDING ORAL ARGUMENT.................................................................1

STATEMENT OF THE CASE AND PROCEDURAL HISTORY ........................................... 2-4

ARGUMENT .....................................................................................................................4

      **THE COURT OF APPEALS ERRED BY FAILING TO REVIEW THE TRIAL
      COURT'S ADMISSION OF TESITMONY FROM A SURPRISE WITNESS FOR
      ABUSE OF DISCRETION BECAUSE A MOTION FOR CONTINUANCE IS
      REQUIRED**.....................................................................................................4-12

CONCLUSION AND PRAYER ........................................................................................12

CERTIFICATE OF SERVICE.........................................................................................13

CERTIFICATE OF COMPLIANCE................................................................................13

APPENDIX......................................................................................................................14

# INDEX OF AUTHORITIES

**Cases**                                                                                          **Page**

*Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994)...........................11, 10

*Fletcher v. State*, No. 06-11-00180-CR, 2012 Tex. App. LEXIS 5429 (Tex. App. – Texarkana, July 10, 2012)..................................................................................11

*Garcia-Ramirez v. State*, No. 05-13-01514-CR, 2014 Lexis 11962 (Tex. App. – Dallas, October 30, 2014)..................................................................................4, 10

*Garrett v. State*, 614 S.W.2d 232 (Tex. Crim. App. 1981).........................................9

*Hardin v. State*, 20 S.W.3d 84 (Tex. App. – Texarkana 2000, pet. ref'd)............5, 7, 8

*Hightower v. State*, 629 S.W.2d 920 (Tex. Crim. App. [Panel Op.] 1981)..................5

*Hubbard v. State*, 496 S.W. 2d 924, 926 (Tex. Crim. App. 1973)............................11

*Lopez v. State*, 288 S.W.3d 148 (Tex. App. – Corpus Christi, 2009, pet. ref'd).........9

*McDonald v. State*, 179 S.W.3d 571 (Tex. Crim. App. 2005)...................................11

*Martinez v. State*, 867 S.W. 2d 30 (Tex. Crim. App. 1993)........................................5

*Menefee v. State*, 614 S.W.2d 167 (Tex. Crim. App. 1981)........................................9

*Montoya v. State*, No. 07-02-0247-CR, 2003 Tex. App. LEXIS 1651, 2003 WL 397766 at *4 (Tex. App. – Armarillo, Feb. 21, 2003, pet. ref'd)................................7

*Nobles v. State*, 843 S.W.2d 503 (Tex. Crim. App. 1992)........................................5

*Pardue v. State*, 252 S.W.3d 690, 699 (Tex. App. – Texarkana, 2003)...................10

*Shavers v. State*, 985 S.W.2d 284 (Tex. App. – Beaumont 1999 pet. ref'd)...............7

*Washing v. State*, 943 S.W.2d 501(Tex. App. – Fort Worth 1997, pet. ref'd)...........11

*Young v. State*, 574 S.W. 2d 23 (Tex. Crim. App. 1977)...........................................5

**Codes and Rules**

TEX. CODE CRIM. PRO. 39.14……………………………………...……………...5

TEX. R. APP. P. 9.4…………………………………………………………….…13

## STATEMENT REGRDING ORAL ARGUMENT

Garcia-Ramirez waives oral argument in this case.

## STATEMENT OF THE CASE AND PROCEDURAL HISTORY

On October 15, 2012, an indictment was filed against Erasmo Garcia-Ramirez ("Garcia-Ramierz") charging him with continuous sexual abuse of Maria Aguilar ("M.A."). (CR: 7). M.A. was Garcia-Ramirez's sister-in-law. (RR4: 2-23). Garcia-Ramirez was common-law married to M.A.'s sister, Christian Aguilar ("C.A.") (RR4: 21-23; 105).

On June 17, 2012, C.A. was arrested for assaulting Garcia-Ramirez and upon her release from jail she moved out of her home with Garcia-Ramirez and into her sister M.A.'s room at their mother's home. (RR4: 107-11). It was shortly after C.A.'s separation from Garcia-Ramirez that C.A. allegedly found a letter, written by M.A., accusing Garcia-Ramirez of raping her from ages 9-14. (RR4: 61, 65-67; SX: 29). Their mother overheard C.A. and M.A. discussing the note and wanted to know if the allegations were true or if M.A. was "doing this to help your sister out or if you're doing it because of your sister." (RR4: 116). This letter and M.A.'s subsequent outcry formed the basis for Garcia-Ramirez's arrest and indictment. (CR: 7; 11).

On September 25, 2013, this case was transferred to the 291st judicial district court from the 363rd judicial district court and James Jamison was appointed to represent Garcia-Ramirez. (CR: 57-58). The case then proceeded to trial on October 22, 2013. (RR3: 1). Jamison was on the case for less than a month prior to trial and admitted that it was a "rush job." (RR4: 10).

At trial, M.A. testified that Garcia-Ramirez began sexually abusing her at age 7-8, which continued until age 14, but that, aside from 3 elementary school friends, she never told anyone because Garcia-Ramirez threatened her. (RR4: 26-51, 59). The State's case against Garcia-Ramirez rested solely on the believability of M.A.'s story because there was no physical evidence, no witnesses, and no other corroborating evidence. (RR4: 10-11).

The guilt-innocence phase of this trial last one day with both the State and defense resting on October 23, 2013. (RR4: 3-4). During the State's case-in-chief, the State called Emily Coronado ("E.C."), one of M.A.'s elementary school friends whom M.A. claimed she told about the sexual assault years before her outcry. (RR4: 59, 154-62). Defense counsel objected because E.C. was not on the witness list provided by the State prior to trial. (RR4: 154; CR: 31). An off-the-record discussion was had at the bench, the State then asked for a ruling on the Defense motion on the record, and the court overruled it although it's not clear if the court was referring to the objection regarding the witness list or some other motion. (RR4: 154).

Then, E.C. was permitted to testify that in fact M.A. had told her that she was raped in the fifth grade, four years prior to trial, although M.A. did not tell her who the man was. (RR4: 154-62). Defense counsel's hearsay objection was overruled and the State argued that E.C.'s testimony was a prior consistent statement intended to rebut any "allegation of recent fabrication or improper motive" on the part of M.A. (RR4: 159-60).

On October 24, 2013, after one day of testimony, the jury found Garcia-Ramirez guilty based on this evidence. (RR5: 5). Garcia-Ramirez was then sentenced to forty-years imprisonment in the Texas Department of Criminal Justice. (RR5: 25) Garcia-Ramirez timely filed his notice of appeal the same day. (CR: 71).

On appeal, in his sole issue Garcia-Ramirez argued that the trial court abused its discretion by permitting E.C. to testify, thereby bolstering the complainant's credibility, when she was not on the witness list. *Garcia-Ramirez v. State*, No. 05-13-01514-CR, 2014 Lexis 11962 (Tex. App. – Dallas, October 30, 2014) (mem op., not designated for publication). The court of appeals affirmed Garcia-Ramirez's conviction finding that the error was not preserved with regard to harm because trial counsel did not request a continuance. *Id.*

## ARGUMENT

The trial court abused its discretion by admitting the testimony of E.C. and Garcia-Ramirez was irreparably harmed. The court of appeals erred by failing to reach the merits of this argument solely based on defense counsel's supposed failure to request a continuance related to E.C.'s surprise testimony.

**Standard of Review**

The State should disclose witnesses if they will be used at any stage in the trial. *Hardin v. State*, 20 S.W.3d 84, 88 (Tex. App. – Texarkana 2000, pet. ref'd) (citing *Hightower v. State*, 629 S.W.2d 920, 925 (Tex. Crim. App. [Panel Op.] 1981); *Young v. State*, 574 S.W. 2d 23, 27 (Tex. Crim. App. 1977)); TEX. CODE CRIM. PRO.

39.14. If the trial court allows a witness who is not on the State's list to testify, the court of appeals reviews that decision for abuse of discretion. *Martinez v. State*, 867 S.W. 2d 30, 39 (Tex. Crim. App. 1993).

In determining whether a trial court abused its discretion the court must consider (1) whether the State's actions in calling a previously undisclosed witness constituted bad faith, and (2) whether the defendant could have reasonably anticipated that the witness would testify. *Nobles v. State*, 843 S.W.2d 503, 514-15 (Tex. Crim. App. 1992); *Hightower*, 629 S.W.2d at 925.

To determine whether the State acted in bad faith, the court considers whether (1) the State intended to deceive the defendant; (2) the State's notice left the defendant adequate time to prepare; and (3) the State freely provided the defendant with information by maintaining an open-file policy, providing updated witness lists, or promptly notifying the defendant of new witnesses. *Hardin*, 20 S.W.3d at 88. Likewise, when considering whether the defendant could have reasonably anticipated the witness the court considers (1) the degree of surprise to the defendant; (2) the degree of disadvantage inherent in that surprise; and (3) the degree to which the trial court was able to remedy that surprise (e.g. by granting the defense a recess, postponement, or continuance). *Id.*

**Application of Law to the Facts**

Here, the State called E.C. to testify that in the fifth grade M.A. confided to her that an unnamed man had raped her. (RR4: 154-62). This was four years prior to

trial. A trial that rested almost exclusively on the credibility of M.A.'s story. Garcia-Ramirez maintained his innocence and testified that he believed that M.A. and her family were making these accusations against him following his separation with C.A. to keep him from his children. (RR2: 6; RR4: 181-83; 192; 205). In fact, the accusations surfaced after C.A. was arrested for assaulting Garcia-Ramirez and she separated from Garcia-Ramirez. (RR4: 107-16). Because there was no corroborating physical evidence or witnesses to any alleged misconduct by Garcia-Ramirez, although M.A. testified that the abuse had at times occurred in the presence of unknowing family members, this case turned on M.A.'s word over Garcia-Ramirez. (RR4: 26, 32, 46, 53).

Garcia-Ramirez was set for trial on October 22, 2013, his attorney was appointed one-month prior but believed he had adequate time to prepare. (RR2: 4, 10). On September 16, 2013, the State filed a witness list. (CR: 31). E.C.'s name was not on this list. *Id*. At trial, M.A. testified that prior to the letter and her outcry to her sister she had told three elementary school friends about being raped. (RR4: 26-51, 59). There is nothing in the record to support the notion that the defense was aware of these prior statements at all prior to that testimony. The State was plainly aware of their intention to use E.C.'s testimony because the State discussed the topics of delayed out cry and statements to non-family members with the panel in voir dire. (RR3: 49-54). However, when the State called E.C. in its case-in-chief, defense counsel objected on the basis that E.C. "was not on the witness list." (RR4: 154).

Under these circumstances, the State acted in bad faith. *See Hardin*, 20 S.W.3d at 88. First, it is plainly clear that the State was aware of the prior statement and their intention to introduce it at trial before the trial began because of the topics were broached in voir dire and the fact that E.C. was sworn in at the very beginning of the trial with all of the State's witnesses. (RR3: 59-54; RR4: 18, 154). It is reasonable to conclude that the State anticipated Garcia-Ramirez's defense regarding the timing of the outcry and was planning to rebut that theory with E.C.'s testimony. In fact, the State admitted as much when they put E.C. on the stand stating her testimony was, "to rebut expressed or implied allegation of recent fabrication or improper motive." (RR4: 159). Given that counsel was appointed only month prior to trial and had no knowledge of E.C. it cannot be said that he had adequate time to prepare for this testimony. *See Hardin*, 20 S.W.3d at 88. Nothing on the record contradicts this evidence of bad faith on the part of the State. *But see Montoya v. State*, No. 07-02-0247-CR, 2003 Tex. App. LEXIS 1651, 2003 WL 397766 at *4 (Tex. App. – Armarillo, Feb. 21, 2003, pet. ref'd) (citing *Shavers v. State*, 985 S.W.2d 284, 290 (Tex. App. – Beaumont 1999 pet. ref'd) (no finding of bad faith or surprise where State said on record that the omission of the witness from the witness list was merely an oversight and subpoena's in the open file included witness). Here, the State does nothing to contradict the reasonable inference that the omission of E.C. from the witness list was an intentional strategic decision.

Likewise, Garcia-Ramirez could not have reasonably anticipated the surprise

testimony. *See Hardin*, 20 S.W.3d at 88. The State concedes that Garcia-Ramirez could not foresee E.C. being called as a witness without knowing her name. (St. Br. Pg. 11). However, there is also nothing to suggest that he was able to anticipate the substance of her testimony – namely that M.A. made consistent statements prior to her outcry. While defense counsel employed an investigator in the month prior to trial, he could not have prepared to rebut this testimony without knowing E.C.'s identity. In fact, there is no evidence before this court to suggest that Garcia-Ramirez or counsel was aware of any statements or accusations prior to the outcry to C.A. Rather, Garcia-Ramirez's entire defense rested on the timing of the outcry and M.A.'s credibility over Garcia-Ramirez's. Therefore, failing to disclose their intention to call E.C. prior to trial was done in bad faith, the testimony could not have been anticipated, and the trial court abused its discretion by admitting the testimony over Garcia-Ramirez's objection.

Finally, there can be little doubt that E.C.'s testimony was harmful to Garcia-Ramirez. First, because the case rested solely on M.A.'s credibility, which was bolstered and supported by E.C.'s testimony alone, its influence cannot be understated. Likewise, the fact that M.A. told a friend years prior that she was raped, although she did not name Garcia-Ramirez, obviously weakens his argument that the timing of M.A.'s accusation was suspicious given his separation from her sister and her sister's arrest. Finally, the State recognized the weight of E.C.'s testimony when they noted in closing that E.C.'s testimony establishes M.A.'s accusations

were not fabricated as a result of C.A.'s arrest or separation from Gracia-Ramirez. (RR4: 214-15). This prior consistent statement was crucial to bolstering M.A.'s credibility and undermining Garcia-Ramirez's theory. Garcia-Ramirez's trial and the result therefrom cannot be said to be fair given this surprise. *See Lopez v. State*, 288 S.W.3d 148, 179 (Tex. App. – Corpus Christi, 2009, pet. ref'd) (in evaluating whether a non-constitutional error affects an appellant's substantial rights, and where the evidence is otherwise "not overwhelming" even the uncertainty of harm requires reversal); *see also Menefee v. State*, 614 S.W.2d 167, 168 (Tex. Crim. App. 1981) (finding reversible error where prosecutor's remarks bolstered the testimony of the only witness); *see also Garrett v. State*, 614 S.W.2d 232 (Tex. Crim. App. 1981) (hearsay testimony offered to bolster the testimony of the State's principal witness was prejudicial).

**Court of Appeals Error**

However, the court of appeals in this case declined to review the merits of any of the issues addressed above. Rather, the court merely said that Garcia-Ramirez "cannot now be heard to complain" because trial counsel objected that E.C. was not on the State's witness list but did not request a continuance. *Garcia-Ramirez v. State*, No. 05-13-01514-CR, 2014 Lexis 11962 (Tex. App. – Dallas, October 30, 2014) (mem op., not designated for publication). However, the record contradicts the suggestion that Garcia-Ramirez merely objected solely on the grounds that E.C. was not on the witness list. Immediately after making that objection Garcia-Ramirez's

attorney and the State approach and engage the court in an off the record conversation. (RR4: 154). Back on the record, the State requests a ruling "on the Defense motion on the record," which the court overrules. *Id*. An objection is clearly not a motion and defense counsel made it apparent to the court that he was surprised by a witness being called who was not on any witness list provided to him. *See Pardue v. State*, 252 S.W.3d 690, 699 (Tex. App. – Texarkana, 2003) (although defendant failed to employ the "magic words" in her objection at trial, the objection was sufficient to make the trial court aware of the nature of the complaint and defendant secured a ruling).

In the alternative, assuming this court finds no motion was made, it is important to note that the case law requires the defendant to make an objection *or* request a continuance but the holding of the court of appeals punishes Garcia-Ramirez for not making an objection *and* a motion to continue related to the surprise testimony. *See Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994) ("If a witness' name is not furnished a defendant before trial any error in allowing that witness to testify over a claim of surprise is "made harmless" by defendant's failure to object *or* move for a continuance.") (emphasis added); *see also Hubbard v. State*, 496 S.W. 2d 924, 926 (Tex. Crim. App. 1973) ("Appellant did not object to her testimony *nor* did he request a continuance at the time of trial. He cannot now be heard to complain.") (emphasis added). However, under *Barnes* it appears that in fact a defendant must object and request a continuance to preserve the error of

surprise testimony for review. *Barnes*, 876 S.W.2d at 328 (finding that because defendant objected but failed to request a continuance he "cannot be heard to complain"); *but see Fletcher v. State*, No. 06-11-00180-CR, 2012 Tex. App. LEXIS 5429 (Tex. App. – Texarkana, July 10, 2012) (mem. op.) (reviewing court's decision to admit testimony from a witness not on the witness list for abuse of discretion even though defense did not make a request for a continuance) (citing *Washing v. State*, 943 S.W.2d 501, 504 (Tex. App. – Fort Worth 1997, pet. ref'd (held that a request for a continuance is not necessary to preserve this issue for appeal); *McDonald v. State*, 179 S.W.3d 571, 578 (Tex. Crim. App. 2005) (request for continuance not necessary to preserve appeal of a Rule 404(b) error but considered when assessing harm).

In this case, the record supports a finding that Garcia-Ramirez made an objection on the basis that E.C. was not included on the witness list; he was surprised by her testimony, in addition, off the record, he made a subsequent motion, which was overruled. (RR4: 154). The court of appeals erred by finding that his claim for harm was barred because he failed to request a continuance. The merits of this case, namely that the trial court abused its discretion by admitting surprise testimony from a witness who was not disclosed to the defense in bad faith, warrants a review. Especially in light of the harmful nature of this surprise testimony.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Mr. Garcia-Ramirez prays that this Court grant review, reverse the court of appeals' opinion, and reverse the judgment of conviction and order the conviction set aside.

Respectfully submitted,

    /s/ Bruce Anton
BRUCE ANTON
Bar Card No. 01274700
ba@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road
Suite 250
Dallas, Texas 75201
214-468-8100
214-468-8104 (fax)

Attorney for Appellant

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Appellant's Petition for Discretionary Review electronically served to the Dallas County District Attorney's Office and the State Prosecuting Attorney on December 30, 2014.

    /s/ Bruce Anton
BRUCE ANTON

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(I)(3), undersigned counsel certifies that this brief complies with:

1. The type-volume limitation of TEX. R. APP. P. 9.4(I)(2)(D) because this petition contains 1,427 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(I)(1).


2. The typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Times New roman.


                    /s/ Bruce Anton
                    BRUCE ANTON

# **APPENDIX**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01514-CR

### ERASMO GARCIA-RAMIREZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 291st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F12-12531-U

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Myers

A jury convicted appellant Erasmo Garcia-Ramirez of continuous sexual abuse of a young child and assessed punishment of forty years in prison. In one issue, he argues the trial court erred by allowing the State to call a witness not disclosed to the defense. We affirm.

### DISCUSSION

In his issue, appellant contends the trial court abused its discretion by allowing a witness, E.C., to testify despite not being on the State's witness list, and that the error was harmful. Appellant specifically alleges that "the record plainly demonstrates that the State knew what approach the defense would take and knew that [E.C.] would be called as a witness," and that "the State also knew that trial counsel had been on the case for less than a month and his

preparation was therefore hurried."[1] He argues that "the only reasonable conclusion is that the State withheld [E.C.'s] name to gain a strategic advantage, and that the defense was precluded from anticipating as much."

E.C. was a fourteen-year-old girl who was called to testify following the testimony of the sexual assault nurse examiner. When E.C. was called by the State, defense counsel objected, "And Judge, I'm going to make the objection she was not on the witness list." After an off-the-record conference at the bench, the trial court overruled the objection. Defense counsel did not request a continuance.

E.C. testified that she had known the complainant, M.A., since the fourth grade. When they were in the fifth grade together, M.A. told her a secret and said not to mention it to anyone. E.C. testified that M.A. told her she had been raped by a man. According to E.C.'s testimony, M.A. seemed frightened when she told her this secret, and E.C. was also frightened. E.C. said she did not tell anyone about the secret until she was called to the school's police office in the eighth grade and asked about it. E.C. also testified that M.A. was frightened because the man that raped her "threatened her by saying that he will kill her and her family."

An appellate court reviews the trial court's decision to permit testimony by a witness whose name was not on the State's witness list for an abuse of discretion. *Hightower v. State*, 629 S.W.2d 920, 925 (Tex. Crim. App. 1981); *Moore v. State*, 38 S.W.3d 232, 236 (Tex. App.—Texarkana 2001, pet. ref'd). However, "any error in allowing [an undisclosed] witness to testify over a claim of surprise is 'made harmless' by defendant's failure to object or move for a continuance." *Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994) (en banc) (per curiam). In *Barnes*, the appellant argued the trial court erred in allowing three punishment-phase

---

[1] Defense counsel was appointed on September 25, 2013. Appellant was admonished October 15, 2013, the voir dire held on October 22, 2013, and the guilt/innocence part of the trial started the following day. During the admonishment hearing, defense counsel told the court he had obtained an investigator, had reviewed the evidence, and was "on top of things" and would "be adequately prepared to represent" appellant.

witnesses to testify even though their names were not on the State's witness lists. *Id.* The appellant objected at trial but failed to move for a continuance in order to interview the witnesses or determine the matters about which they were to testify. *Id.* The court concluded that because appellant did not seek a continuance, he "'cannot now be heard to complain.'" *Id.* (quoting *Hubbard v. State*, 496 S.W.2d 924, 926 (Tex. Crim. App. 1973)).

In this case, appellant objected that E.C. was not on the State's witness list but did not request a continuance, nor did appellant request a continuance following the witness's testimony. "Having failed to do so, he 'cannot now be heard to complain.'" *Id.*; *Murray v. State*, No. 05–13–00484–CR, 2014 WL 2601698, at *2 (Tex. App.—Dallas June 10, 2014, no pet.) (mem op., not designated for publication); *Mapps v. State*, No. 05–10–00581–CR, 2011 WL 2507835, at *2 (Tex. App.—Dallas June 24, 2011, no pet.) (mem. op., not designated for publication). We overrule appellant's issue.

The trial court's judgment is affirmed.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131514F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERASMO GARCIA-RAMIREZ, Appellant

No. 05-13-01514-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-12531-U.
Opinion delivered by Justice Myers.
Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of October, 2014.